### 18195

Linder R. ADAMS, Respondent, v. Nervielee T. ADAMS, Appellant

(135 S. E. (2d) 760)

*Messrs. James R. Turner, Paul M. Moore* and *Geddes Hugh Martin,* of Spartanburg, *for Appellant,*

144

*Messrs. Mike S. Jolly* and *Long & Long,* of Union, *for Respondent.*

April 9, 1964.

Bussey, Justice.

This is an action for divorce, instituted by the respondent husband on September 29, 1958, alleging that his wife willfully deserted his bed and board on August 1, 1957, and that said desertion had been continuous and uninterrupted since said date. Appellant served an answer and cross-action denying the alleged desertion and seeking affirmative relief. The Civil Court of Union County granted the husband a divorce a *vinculo matrimonii*, and the wife appeals, challenging the sufficiency of the evidence to warrant a divorce.

"The essential elements of desertion, to warrant a divorce on that ground under the law of this state, are (1) cessation from cohabitation for the statutory period of one

year; (2) intent on the part of the absenting party not to resume it; (3) absence of the opposite party's consent; and (4) absence of justification. *Frazier v. Frazier,* 228 S. C. 149, 89 S. E. (2d) 225; *Machado v. Machado,* 220 S. C. 90, 66 S. E. (2d) 629." *Boozer v. Boozer,* 242 S. C. 292, 130 S. E. (2d) 903.

Just as in the *Boozer case,* we here need to consider only whether there was any competent evidence to support the first essential element above mentioned. We conclude from a review of the record that there was not.

The parties were married in the year 1935, and, except for relatively minor interruptions, due to marital friction, lived together in the same domicile until July 13, 1958, less than three months prior to the commencement of this action. At that time, the husband, not the wife, departed from the home. His contention, that he is entitled to a divorce on the ground of desertion, rests solely on his uncorroborated testimony to the effect that his wife refused to sleep with and have sexual relations with him for more than one year prior to his departure from the marital domicile. Even as to this issue or contention, his testimony contained conflicting statements and, on cross examination, he admitted that his wife did not completely leave his bed until April or May in the year 1958, some four or five months before his departure from the home. The testimony of the wife and adult son of the parties living in the home was to the effect that the wife did not desert even the bed of the husband and that the husband left the home for reasons other than any fault on the part of the wife.

This very brief résumé of the factual situation, and reference to the opinion in *Boozer v. Boozer, supra,* we think should suffice to show that the evidence was entirely insufficient to warrant a divorce on the grounds of desertion.

Reversed.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.