19105

Lewis VICKERS, Jr., Respondent, v. Patricia N. VICKERS, Appellant

(176 S. E. (2d) 561)

· *Messrs. Hyman, Morgan & Brown,* of Florence, for *Appellant,*

*E. N. Zeigler, Esq.,* of Florence, *for Respondent,*

September 17, 1970.

LEWIS, Justice.

The respondent-husband brought this action against his wife, the appellant, for a divorce on the grounds of desertion and physical cruelty, based upon the alleged refusal of the wife to have sexual relations with him. The wife interposed a demurrer to the complaint upon the ground that the facts alleged failed to constitute either desertion or physical cruelty within the meaning of the divorce law of this State. The lower court overruled the demurrer and the appeal followed.

The question to be determined is whether the complaint states facts sufficient to constitute a cause of action for divorce on either the ground of desertion or physical cruelty.

In determining the sufficiency of the complaint against demurrer, all factual allegations properly pleaded and the inferences reasonably drawn therefrom are deemed true. A demurrer however does not admit the inferences, either factual or legal, drawn by a party in the pleading under attack, but it is for the court to determine whether such inferences are justified.

The complaint, eliminating factual and legal conclusions, after setting forth that the parties were married on or about August 22, 1963 and that no children have been born to the marriage, alleges that the wife had refused to engage in sexual intercourse with the husband for at least eighteen months prior to the commencement of the action; that she had treated the husband with coldness and contempt; and that such conduct had seriously affected the husband's health, threatening to cause him to have a complete mental and physical breakdown. It is then alleged that, as a result of such conduct on the part of the wife, the husband left the marital residence on November 17, 1968, and the parties have not lived in the same residence since that time except for a two week period from December 27, 1968 to January 10, 1969. The complaint is dated February 4, 1970. Based upon the

foregoing conduct, the husband seeks a divorce on the grounds of desertion and physical cruelty.

At the outset, it is suggested that since the question here involved is a novel one in this jurisdiction, we should apply the liberal rule adopted in *Springfield v. Williams Plumbing Supply Company*, 249 S. C. 130, 153 S. E. (2d) 134, and decide the question raised by the demurrer only after a trial on the merits. The rule in *Springfield* has application where "a demurrer to a pleading raises merely a doubtful question or the case is such that justice may be promoted by trial on the merits." Such is not the situation here. The demurrer does not raise merely a doubtful question. The issue is simply whether the refusal of the wife to have sexual relations with the husband affords a basis for granting a divorce on the grounds of desertion and physical cruelty. Development of the details at a trial would not aid in the decision of that question.

The grounds for divorce in this State are set forth in Section 20-101, as amended, 1969 Supplement to the 1962 Code of Laws, and are limited to those authorized by Article 17, Section 3, of the Constitution of this State. Among the permitted grounds for divorce are "desertion for a period of one year" and "physical cruelty."

It is contended that the facts alleged satisfy the requirements for divorce on the grounds of both desertion and physical cruelty. We deal first with the question of whether the facts alleged establish *physical cruelty* within the meaning of the divorce law of this State.

Cruelty, justifying a divorce in this State, means physical *cruelty* which was defined in *Brown v. Brown*, 215 S. C. 502, 56 S. E. (2d) 330, "as actual personal violence, or such a course of physical treatment as endangers life, limb or health, and renders cohabitation unsafe."

The complaint fails to allege any act of *personal violence* or a course of *physical treatment* such as would endanger life, limb or health *and* render cohabitation unsafe. It is

simply alleged that the wife has treated the husband with coldness and contempt and refused since November 17, 1968 to have sexual relations with him, resulting in a threatened mental and physical breakdown. Such conduct does not constitute *physical cruelty* within the meaning of our divorce statute.

The position is also taken that the allegations of the complaint state a cause of action for divorce on the grounds of desertion, either actual or constructive.

The essential elements of desertion are stated in *Machado v. Machado,* 220 S. C. 90, 66 S. E. (2d) 629, as follows: (1) Cessation from cohabitation for the required statutory period; (2) intent on the part of the absenting party not to resume it; (3) absence of the opposite party's consent; and (4) absence of justification.

The question of whether the mere refusal of the wife to engage in sexual relations with the husband amounts to desertion turns upon whether such refusal constitutes "cessation from cohabitation". We have held that it does not. *Boozer v. Boozer,* 242 S. C. 292, 130 S. E. (2d) 903.

In *Boozer,* the husband's contention that cessation from cohabitation for a period of one year had been established rested solely on his testimony that he refrained from marital relations with his wife throughout the period. We held that cessation from cohabitation is not established by proof of lack of intercourse alone.

As in *Boozer,* the husband in this case contends that lack of cohabitation may be established by proof of the refusal to engage in sexual relations. Such is insufficient alone to constitute desertion as a ground for divorce.

Finally, it is contended that, if a cause of action for divorce on the ground of actual desertion is not stated, then the facts alleged establish constructive desertion on the part of the wife.

We held in *Machado* that desertion includes constructive desertion.

Subsequently in *Mincey v. Mincey,* 224 S. C. 520, 80 S. E. (2d) 123, the principle was adopted that in establishing constructive desertion it is necessary for the complaining spouse to show that he or she was compelled to leave because of conduct on the part of the other sufficient in itself, and independently to constitute one or more of the permitted grounds for divorce.

Since we have held that the complaint fails to allege any other independent ground for divorce, the husband's contention that he has alleged a cause of action based upon constructive desertion must necessarily be rejected under the rule adopted in the *Mincey* case.

Counsel, recognizing the probable application of the rule adopted in *Mincey* with reference to the requirements for the establishments of constructive desertion asks that we overrule such principle and adopt a more liberal view, permitting a divorce on the grounds of constructive desertion for causes short of those required to establish an independent ground for divorce.

The court in *Mincey* recognized that the principle now urged was supported by a majority of the jurisdictions recognizing "constructive desertion," but adopted the minority and more conservative view because of the overriding public policy considerations involved. These considerations were stated in *Mincey* and need not be reviewed here. We find them equally impelling now and justify our adherence to the rule that, in establishing constructive desertion, the reason for withdrawal by the complaining spouse must be in itself sufficient ground for a divorce. We therefore adhere to the holding in the *Mincey* case and in our subsequent decisions which followed it.

The complaint fails to state a cause of action for divorce and the demurrer should have been sustained. The judgment of the lower court is accordingly reversed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.