19844

Leila REAVES, Petitioner-Appellant, v. Earl G. REAVES, Respondent-Appellant

(206 S. E. (2d) 405)

*Messrs. Arrowsmith & Jackson,* of Florence, *for Petitioner-Appellant,*

*Messrs. Hyman, Morgan and Brown,* of Florence, *for Respondent-Appellant,*

June 18, 1974.

BUSSEY, Justice:

In this proceeding in the Family Court of Florence County the appellant-wife sought a divorce from the husband on the ground of adultery; alimony, a property settlement and attorney's fees. The husband sought a divorce against the wife on the ground of desertion, which was granted by the court. The court denied the wife any alimony, but awarded her a property settlement in the amount of $2,500.00; an attorney's fee in the amount of $350.00 and possession of certain personal property belonging to the wife. Both parties appealed but the appeal of the husband has been abandoned.

The wife contends that the court erred in granting the husband a divorce on the ground of desertion; in denying her a divorce on the ground of adultery; in failing to award her alimony and in failing to grant her more than $2,500.00 in the property settlement.

The record discloses a rather involved and unusual course of events in which the parties have been involved over a number of years. No useful purpose could be served, we think, by relating all of the circumstances and events in detail. We have, however, carefully considered all of the evidence, but will relate only those facts which are essential to our decision and an understanding thereof. With the exception of the matters hereinafter noted and passed upon, we find no merit in any of the exceptions.

On July 16, 1972 the wife departed the home of the parties and has not since resided therein. There is sharp conflict in the evidence as to what brought about her departure, the husband contending that she left without any excuse

whatever and the wife contending that in the course of an altercation he had twisted her arm inflicting a rather painful injury. Following this incident the wife went to a magistrate and obtained a warrant for the husband, but so far as the record reveals such has never been pressed. She also filed a petition in the Family Court for separate support and maintenance upon which petition a hearing was held on August 29, 1972. At that time the judge unsuccessfully attempted a reconciliation between the parties. The wife asked the court if she could return to the marital home and then testified that she loved her husband and that her only reason for not returning to the marital home prior to the time of the hearing was because the magistrate had told her not to return. The husband was not responsive to a reconciliation and informed the judge he would never again live with her. On September 15, 1972 the court issued its order holding that the wife had failed to show just cause or excuse for deserting the marital home and accordingly did not have sufficient grounds to entitle her to an award for separate maintenance.

On or about October 5, 1972, fairly early in the morning, the wife, aparently without prior notice, returned to the marital home. The husband for the obvious purpose of keeping the wife from gaining entrance thereto had changed one or more locks. The wife, however, was able to gain entrance through the front door after cutting a hole in the screen wire. Much, if not most, of her clothing and personal effects were still in the marital residence. She did some cleaning about the house and was still there when the husband returned late that afternoon. There is virtually no conflict in the evidence as to what occurred upon his return. Upon the husband's arrival he greeted the wife with "How in the hell did you get it?" He then wanted to know what she was doing there and she told him she had come home to stay. He informed her she wasn't staying, ordered her out of the house, called his lawyer and after some contact between the husband's lawyer and the wife's lawyer, her lawyer advised

her to leave, which she did. As far as the record shows there was no further effort by either party toward a reconciliation.

Under the above related facts the court was in error in granting the husband a divorce on the ground of desertion. It is well settled that there are four essential elements of desertion as a ground for divorce in this State, which are: (1) cessation from cohabitation for one year, (2) intent on part of absenting party not to resume it, (3) absence of opposite party's consent, and (4) absence of justification. See cases collected West's South Carolina Digest, Divorce, Key 37 (1). Assuming, without necessarily deciding, that the evidence was sufficient to prove the other essential elements, it is clear that the husband has simply failed to prove the absence of his consent or that the separation of the parties for one year was against his will. To the contrary, the proof is clear that he did not want to continue cohabitation and actively resisted the resumption thereof. We quote the following from 27A C. J. S. Divorce § 38(1), p. 118 *et seq.*,

"Separation by mutual consent does not constitute desertion. Hence it is a universal rule that there is no such desertion as warrants a divorce where, either expressly or by implication from the circumstances, complainant consents to the original separation or its continuance, * * *

"To warrant a divorce, the desertion must be against the will of the innocent spouse and one who encourages, invites, procures, requests, or acquiesces in the separation may not obtain a divorce on such ground * * *

"What may have been desertion in its inception is terminated if the separation continues by mutual consent, unless the consent is not given until a cause of action for divorce for desertion has already accrued. To be entitled to a divorce on the ground of desertion, the innocent spouse must have been ready and willing, during the entire statutory period, to have the deserting spouse return and resume marital living, and a manifestation of unwillingness to live together during such period defeats the right to relief."

Apropos of the factual situation here is the language of the Supreme Court of New Jersey in the case of *Brown v. Brown,* 2 N. J. 252, 66 A. (2d) 154, where it is said "A wife who changes the locks on her doors to keep her spouse from entering cannot be heard to complain of his failure to come in." To like effect is the opinion in *Duncan v. Duncan,* 373 Pa. 308, 96 A. (2d) 115; 171 Pa. Super. 69, 90 A. (2d) 357.

For the foregoing reasons, the decree, insofar as it granted the husband a divorce on the ground of desertion, is hereby reversed.

While the wife seriously argues that she sufficiently proved adultery upon the part of the husband, we do not feel we would be warranted in holding that the trial judge, who saw and observed the witnesses, erred in concluding otherwise. We cannot say that his conclusion, that the wife had failed to sufficiently prove adultery on the part of the husband, is either without support in the evidence or against the clear preponderance thereof.

The denial of any alimony to the wife was predicated at least in part, upon the court's finding that the husband was entitled to divorce on the ground of desertion. In view of our holding that the husband was not so entitled, the situation is now substantially different. Whether, under this circumstance and all the other pertinent circumstances, the wife is now entitled to any support or alimony, is a matter which has not actually been passed upon by the court below and one which we are reluctant to consider initially in the present state of the record. Such issue, or question, is therefore left open for such further proceedings thereabout as the parties hereto might deem appropriate. We find no error with respect to the awards of property settlement and attorney's fee, nor as to the respective amounts thereof.

Finally, the wife complains there was error in not allowing her to inquire into the net worth, cash assets, etc. of the husband in the course of his cross examination at the trial.

Suffice it to say that in the context in which this issue arose we are not prepared to hold that there was any error in this respect. This is not to say that the husband's net worth, resources, etc. might not become a relevant subject of inquiry in any further litigation between the two parties.

The judgment below is accordingly reversed in part and affirmed in part in accordance with the views hereinabove expressed.

Reversed in part, but affirmed in part.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.