### 19906

Cecil L. BENNEFIELD, Sr., Appellant, v. Nancy L. BENNEFIELD, Respondent.

(209 S. E. (2d) 563)

234

*Clarence E. Clay, Esq.,* of Greenville, *for Appellant,* 

*Kenneth C. Porter, Esq.,* of Greenville, *for Respondent,*

November 11, 1974.

LEWIS, Justice:

The appellant-husband brought this action for divorce against his wife, the respondent, on the ground of desertion. Section 20-101, 1962 Code of Laws. The wife filed an answer denying the material allegations of the complaint and interposed a counterclaim seeking separate support and maintenance. After hearing the testimony, during which the motion of appellant to amend his complaint to allege physical cruelty as an additional ground for divorce was denied, the lower court entered an order finding the factual issues against the husband and awarding separate support and maintenance to the wife in the amount of $18.00 per week and counsel fees in the sum of $350.00. The husband has appealed.

Other than the charge that the lower court erred in refusing the motion to amend, all issues raised in the appeal turn upon whether the factual findings of the lower court were against the clear preponderance of the evidence.

The husband based his charge of desertion upon the alleged cessation from cohabitation by the wife for more than twelve (12) months prior to the institution of this action. The wife, admitting that she and her husband have not lived together since April 13, 1972 or sexually cohabited since January 1972, contended that the reason for their disagreements was the frequent, unexplained absences of the husband from the home over a long period of time.

We consider a detailed review of the testimony unnecessary. Actions involving the marital difficulties of the parties had been pending before the trial judge for approximately five (5) years. The first action was by the wife in 1968 for legal separation, alimony, and counsel fees, based upon the ground of adultery. This action was never brought to trial

and was apparently abandoned. The next litigation was another action instituted by the wife in March 1972, for divorce on the ground of adultery. During the progress of this action, the court, on April 13, 1972, ordered the husband to vacate the jointly owned home in which the parties were residing. The home was later sold in December 1972 and the proceeds of the sale equally divided. Subsequently, the court refused to grant the divorce sought by the wife on the ground of adultery and dismissed the action on February 9, 1973. No effort was made thereafter by either party to resume the marital relationship. The present action was instituted on May 10, 1973, by the husband, alleging desertion on the part of the wife.

It is undisputed that, although rather serious disagreements existed between them, the parties continued to live in the same house until about April 13, 1972, when, in the course of the prior action of the wife for divorce, the lower court ordered the husband to vacate the jointly owned residence. The first separation of the parties, therefore, occurred during the prior action and pursuant to what was, in effect, a *pendente lite* order of the court.

From the foregoing, it appears that the prior action of the wife was dismissed on February 9, 1973 and the present action by the husband for divorce was instituted on May 10, 1973, about three months later. At the time of the commencement of this action, the parties had been separated since April 13, 1972, a period of thirteen (13) months— ten (10) months during the pendency of the wife's prior action for divorce and three (3) months after the prior action was dismissed.

Our decisions uniformly hold that, in order to establish desertion as a ground for divorce, the following must be shown: (1) cessation from cohabitation for the statutory period of one year; (2) intent on the part of the absenting party not to resume it; (3) absence of the opposite party's consent; and (4) absence of justification.

In order to establish the statutory twelve (12) month period of desertion, it was necessary to include the time during which the parties were separated under the order of the court issued in the prior action of the wife for divorce. The circumstances surrounding the issuance of that *pendente lite* order are not shown in this record. There is testimony, however, to support the findings of the trial judge that the husband "did not desire to live with the defendant (wife) while the initial action was pending."

While it is held in many jurisdictions that, as a general rule, the time of the pendency of a prior matrimonial action, brought in good faith, may not be included in computing the period of desertion necessary to support a later suit for divorce on that ground [Ann. 80 A. L. R. (2d) 855, 857], we need not now decide whether such rule should be applied in this State and, if so, under what circumstances, since there was no showing of *cessation from cohabitation* by the wife so as to constitute desertion.

The sole contention of the husband is that the refusal of the wife to engage in sexual relations with him for over a year prior to the institution of this action constituted cessation from cohabitation within the meaning of the divorce law. There is no merit in the contention. We have held that mere refusal of the wife to engage in sexual relations with the husband does not constitute cessation from cohabitation so as to constitute desertion as a ground for divorce. *Boozer v. Boozer*, 242 S. C. 292, 130 S. E. (2d) 903; *Adams v. Adams*, 244 S. C. 143, 135 S. E. (2d) 760; *Vickers v. Vickers*, 255 S. C. 25, 176 S. E. (2d) 561.

Since the husband failed to establish the element of *cessation from cohabitation* for the statutory period, the trial judge properly denied his request for a divorce on the ground of desertion.

The award of $18.00 per week for separate support and maintenance to the wife has caused the court more concern.

The parties have been married for approximately thirty-six (36) years and their children are married and self-supporting. Both have been gainfully employed for a number of years and earn about the same net amount, the husband from $85.00 to $95.00 per week and the wife about $80.00. Since their separation, the wife is purchasing, through monthly payments, a house in which she now lives; and the husband is residing with a sister to whom he pays rent. The husband testified that he had suffered two heart attacks— the first keeping him from work for about two weeks and the second for about one week. These alleged heart attacks apparently had not greatly affected his earnings.

The question of who was at fault in the continued separation of the parties is in sharp dispute and involves mainly their conflicting testimony. The husband states that the separation is due to the refusal of the wife to sexually cohabit and her constant suspicion, nagging and unjustified accusation against him. The wife on the other hand says that their difficulties were brought about by the husband's frequent unexplained, and highly suspicious absences from the home, extending over a number of years.

There is testimony which, if believed, would support the contentitons of each party. The issue was one largely of credibility, which the trial judge resolved in favor of the wife. While the question is a close one, we cannot say that the findings relative to separate support and maintenance are against the clear preponderance of the evidence and are accordingly affirmed. *Machado v. Machado,* 220 S. C. 90, 66 S. E. (2d) 629.

Neither is there merit in the contention that the trial judge erred in refusing to allow the amendment of the complaint to allege physical cruelty as an additional ground for divorce. The motion was addressed to the sound discretion of the court and no abuse of such discretion is shown. See: *McAteer v. McAteer,* S. C., 205 S. E. (2d) 377.

The alleged act of physical cruelty by the wife occurred, according to the husband, in either October, November, or December 1971. The present action was instituted by the husband in May 1973 and the motion to include physical cruelty as a ground for divorce was not made until the trial, during the redirect examination of the husband. No explanation is offered for the delay in moving to amend. The delay of the motion until the trial was in progress and the surprise to the opposing party from lack of notice that the issue would be involved amply sustain the discretionary ruling of the trial judge.

Affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.