20615

Mary L. FORT, Appellant, v. James A. FORT, Respondent.

(241 S. E. (2d) 891)

256

*Donald D. Aaron,* of Columbia, *for Appellant,*

*King and Furr,* of Columbia, *for Respondent,*

February 21, 1978.

LITTLEJOHN, Justice:

This action was brought by the plaintiff-appellant (wife) against the defendant-respondent (husband), seeking a divorce *a vinculo matrimonii* on the ground of desertion and adultery, or in the alternative a legal separation on the same grounds. She also sought alimony and "a reasonable property settlement." The answer of the husband amounted to a general denial and a counterclaim for a divorce *a vinculo matrimonii* on the grounds of adultery and desertion. The case was heard by the master in equity, who recommended that the circuit court deny relief to either party, except that the wife be permitted to live at the home place in which she owned a one-half interest, and that the husband be ordered to pay her attorney's fees and costs.

The wife did not except to the master's report. The husband did except, raising two issues: first, he submitted that

the master erred in failing to recommend that he be granted a divorce on the grounds of desertion and, secondly, that the master erred in ordering him to pay the wife's attorney's fees and costs. The circuit judge sustained the first exception and overruled the second, and otherwise confirmed the master's report. The wife has appealed.

The wife and husband were married in 1944. At that time he was a medical doctor, serving his internship, and she was a nurse at a Columbia hospital. To this marriage was born four sons, the youngest of whom is twenty-four years of age. Over the years, the husband has practiced medicine in Columbia, and the wife has worked without compensation in his office, according to her testimony, for approximately 15 years. According to the husband's testimony, the time is substantially less. The master found that she had worked at least two years.

In August of 1969, the wife left the household in Columbia. A reconciliation was had in July, 1970, and she returned to the home. Marital difficulties have existed for some time, growing, *inter alia,* according to the master, out of money and financing, "the [husband] probably valuing it too much and the [wife] not enough." Over the years, the husband has acquired substantial real estate holdings, valued between $400,000.00 and $500,000.00. He owns a one-half interest in the home place, and the wife owns the other one-half. Several years ago, he bought a parcel of real estate and placed it in his wife's name. She has sold this property for approximately $92,000.00 and is being paid for it over a period of years. She now works and earns approximately $10,000 a year; in addition, she has income from a taxicab business which she owns. In 1969, when the separation occurred, she took $10,000 out of a savings account. The husband earns a net income of approximately $40,000.00 per year. These properties have been accumulated over the years, and their ownership and a claim for alimony are two major grounds for the appeal now before us.

In June of 1975, the wife, while continuing to live under the same roof with the husband, commenced this action for divorce. In early July, the husband went to North Carolina to attend a checker tournament and, upon his return, found that the wife had changed the locks on the doors of their home such that he could not gain entrance. In addition, she had packed all of his clothing and personal effects into plastic garbage bags and taken them to a motel.

The wife submits that the circuit judge erred in finding that the husband was entitled to a divorce on the grounds of desertion. She argues that he erred in finding contrary to the recommendation of the master. The recommendation of the master is, of course, nothing more nor less than a recommendation. The circuit judge was at liberty to accept the recommendation or reject the same, or accept a portion of the recommendation and reject the remainder. He should, of course, give weight to the recommendation. When the master in equity and the trial judge take different views of the evidence, this Court will make its own determination. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976). We therefore approach the issues and will dispose of them in keeping with our own view of the preponderance of the evidence.

We are of the opinion that the holding of the circuit judge that the wife deserted the husband is substantiated by the evidence. In many cases, this Court has recited the elements of desertion in a divorce case:

"Our decisions uniformly hold that, in order to establish desertion as a ground for divorce, the following must be shown: (1) cessation from cohabitation for the statutory period of one year; (2) intent on the part of the absenting party not to resume it; (3) absence of the opposing party's consent; and (4) absence of justification." *Bennefield v. Bennefield*, 263 S. C. 233, 209 S. E. (2d) 563 (1974).

By moving the husband's clothes out and changing the locks on the doors so as to prevent his return home, the wife has intentionally absented herself from him just as effectively as if she had departed the premises herself. Such was clearly without the husband's consent, and justification for her action does not appear in the record. She has not shown a bona fide intent to resume the marital relation. Her testimony that she gave a set of keys to her preacher and set forth in a letter the conditions under which she would allow him to return, is neither appealing nor convincing. He has proved the four elements of actual desertion by the preponderance of the evidence.

The last two issues submitted as a basis for reversal have given the Court considerable concern. As indicated hereinabove, the wife sought (1) alimony, and (2) "a reasonable property settlement." The master in equity ruled against her contention on these points, except he recommended that she be allowed to live in the home, in which she owned a one-half interest, until further order of the court. The wife was content to accept the recommendation of the master. This would have left her in the status of a married person, with right to inherit from her husband and with the right to claim dower interest in his substantial land holdings even if he should attempt to leave her out of his will. Accordingly, she took no exceptions to the report. After the husband excepted to the master's report, the wife might have conditionally excepted, submitting that if the judge found that the husband was entitled to a divorce, he should order alimony and a property settlement. We are not prepared to say she should have anticipated the ruling and that her failure to file conditional exceptions should bar her from having the issues considered. The issues were definitely raised in her pleadings and in her prayer for relief. Although the judge has, in a general way, confirmed the master's report, insofar as it denied alimony and a property settlement, the issues were not among those specifically presented to the judge.

A similar dilemma arose in the case of *Reaves v. Reaves,* 262 S. C. 499, 206 S. E. (2d) 405 (1974). In that case, the trial court granted to the husband a divorce on the ground of desertion and denied the wife alimony. Upon appeal we reversed, holding that the husband was not entitled to a divorce and left open the support issue. We said:

"The denial of any alimony to the wife was predicated at least in part, upon the court's finding that the husband was entitled to a divorce on the ground of desertion. In view of our holding that the husband was not so entitled, the situation is now substantially different. Whether, under this circumstance and all other pertinent circumstances, the wife is now entitled to any support or alimony, is a matter which has not actually been passed upon by the court below and one which we are reluctant to consider initially in the present state of the record. Such issue, or question, is therefore left open for such further proceedings thereabout as the parties hereto might deem appropriate. . . ."

We accomplish the same result by remanding the case to the trial court for the purpose of having it determine whether a property settlement is in order and whether alimony should be awarded.

While we express no view of the validity of the claim for alimony and/or a property settlement, we are of the opinion that the wife was at least entitled to have the circuit judge consider her prayer for relief in the light of his ruling on the absolute divorce issue. A wife at fault is not always denied alimony. *Herbert v. Herbert,* 260 S. C. 86, 194 S. E. (2d) 238 (1973). In order to prevail on the property settlement issue, the wife must, of course, bring her claim within the requirements of *Green v. Green,* 237 S. C. 424, 117 S. E. (2d) 583 (1960); *Hodges v. Hodges,* 243 S. C. 299, 133 S. E. (2d) 816 (1963), and the many other cases heretofore decided on the same point.

The granting of a divorce on the grounds of actual desertion to the husband is affirmed.

Affirmed in part; reversed in part; and remanded.

Lewis, C. J., and Ness, Rhodes and Gregory, JJ., concur.