THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 

PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Ex Parte:
 
 Kristen Janee Washington, Dependent Child of Donnell Washington, Deceased Employee, Respondent,
 In 
 Re:
 Annette Washington, Appellant,
 
 
 

v.

 
 
 
 Wright Construction Company, Defendant.
 
 
 

Appeal From Berkeley County
 Thomas L. Hughston, Jr., Circuit Court Judge
Unpublished Opinion No. 2007-UP-331
Submitted June 6, 2007  Filed June 26, 2007
AFFIRMED

 
 
 
 Stephen Bucher, of Mt. Pleasant, for Appellant.
 James K. Holmes, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Annette Washington (Wife) appeals the circuit courts affirmance of the Workers Compensation Commissions finding that she was not the surviving spouse of Donnell Washington (Husband), and accordingly, did not qualify for death benefits.  We affirm.
FACTS
On September 5, 1998, Husband and Wife married and resided together in North Charleston.  Both parties had children from prior relationships but they did not have any children together.  On June 13, 2002, the police were called to the couples home over a domestic dispute.  Wife denied any violence occurred and did not press criminal charges.  In spite of that, Husband was arrested for domestic violence.  The parties dispute whether Husband returned to the home when he was released from jail the following day.
On August 6, 2002, Husband fell from a ladder during the course of employment and suffered a fatal head and neck injury.  On November 14, 2002, Wife filed a claim for death benefits alleging Husband suffered an accidental injury arising out of and in the course of his employment with the Marlowe-Chandler Company, which she later corrected to the Wright Construction Company.  Wife further contended Husband died as a result of his injuries and as his surviving spouse, she was entitled to death benefits.
On February 13, 2004, a hearing was scheduled, but because Wife could not be found, her attorney withdrew the claim.  On July 9, 2004, Wife filed another claim seeking death benefits under the same grounds as the previously withdrawn claim.  On March 25, 2005, the single commissioner conducted a hearing on the matter.  
 
At the hearing, Wife testified Husband returned home two days after the domestic dispute, and they continued living together, but sometimes he stayed with his son or mother because it was more convenient to where he worked.  Wife further testified from July 14, 2002, until Husbands death, she stayed with her daughter in the hospital, and Husband stayed with his son or mother.  Additionally, she testified Husband was responsible for all of the bills including rent, electricity, and water, and her financial situation deteriorated following Husbands death.  Wife further testified that after Husbands death, she was evicted and homeless for five months and now lived in subsidized housing.  
However, Husbands son testified he picked Husband up from jail following the domestic dispute and took him to the marital home where they found Husbands personal belongings packed in his car.  Further, Husbands son and nephew both testified Husband lived with Husbands son or mother upon his release from jail until his death.  Husbands mother testified Husband lived with her for approximately five weeks following his release from jail.   
On August 5, 2005, the single commissioner found Husband and Wife were living separate and apart at the time of Husbands death, and Wife was not dependent on Husband for support at the time of his death.  Accordingly, the single commissioner found the claim compensable but found Wife was not a surviving spouse and Kristen Washington, as Husbands minor beneficiary, was solely entitled to death benefits.  Wife appealed, and the Appellate Panel of the Workers Compensation Commission affirmed and adopted the single commissioners order.  Wife appealed to the circuit court, which affirmed, adopting the Appellate Panels order.  This appeal followed.
STANDARD OF REVIEW
The South Carolina Administrative Procedures Act (APA) establishes the standard for judicial review of decisions by the Appellate Panel.  Lark v. Bi-Lo, Inc., 276 S.C. 130, 134-35, 276 S.E.2d 304, 306 (1981).  Under the scope of review established in the APA, this court may not substitute its judgment for that of the Appellate Panel as to the weight of the evidence on questions of fact, but may reverse where the decision is affected by an error of law.  Stone v. Traylor Bros., Inc., 360 S.C. 271, 274, 600 S.E.2d 551, 552 (Ct. App. 2004).
The substantial evidence rule governs the standard of review in a workers compensation decision.  Frame v. Resort Servs. Inc.,357 S.C. 520, 527, 593 S.E.2d 491, 494 (Ct. App. 2004).  The Appellate Panels decision must be affirmed if supported by substantial evidence in the record.  
Shuler v. Gregory Elec., 366 S.C. 435, 440, 622 S.E.2d 569, 571 (Ct. App. 2005).  An appellate court can reverse or modify the Appellate Panels decision only if the appellants substantial rights have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.  S.C. Code Ann. § 1-23-380(A)(5) (Supp. 2006); Bursey v. S.C. Dept of Health & Envtl. Control, 360 S.C. 135, 141, 600 S.E.2d 80, 84 (Ct. App. 2004). 
 

 Substantial evidence is not a mere scintilla of evidence nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action.

Lark, 276 S.C. at 135, 276 S.E.2d at 306.
[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agencys finding from being supported by substantial evidence.  Palmetto Alliance, Inc. v. S.C. Pub. Serv. Commn, 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984).  Where the evidence is conflicting over a factual issue, the findings of the Appellate Panel are conclusive.  Hargrove v. Titan Textile Co.,360 S.C. 276, 290, 599 S.E.2d 604, 611 (Ct. App. 2004).  In workers compensation cases, the Appellate Panel is the ultimate finder of fact.  Shealy v. Aiken County, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000).  The final determination of witness credibility and the weight to be accorded evidence is reserved to the Appellate Panel.  Bass v. Kenco Group,366 S.C. 450, 458, 622 S.E.2d 577, 581 (Ct. App. 2005).
LAW/ANALYSIS
Wife argues the Appellate Panel erred in finding she was not a surviving spouse.  Wife contends the Appellate Panels findings that she and Husband were separated and Husband was not providing her with support because he left the marital home after his arrest for domestic violence are erroneous.  We disagree.
 
Section 42-9-290 of the South Carolina Code (Supp. 2006) provides if an employee dies as the result of an accident arising out of the course of employment, the employer must provide death benefits to dependents wholly dependent on the decedents earnings for support.  A surviving spouse or a child shall be conclusively presumed to be wholly dependent for support on a deceased employee.  S.C. Code Ann. § 42-9-110 (Supp. 2006).  The term surviving spouse includes only the decedents wife or husband living with or dependent for support upon the decedent at the time of the decedents death or living apart from the decedent for justifiable cause or by reason of desertion by the decedent at such time.  S.C. Code Ann. § 42-1-175 (Supp. 2006). 

Wifes testimony is the only evidence that Husband remained in the marital home.  She testified they still lived together except that he sometimes stayed with his mother or son because it was more convenient to where he worked but would come home to change clothes.  All of the other testimony contradicts her assertion he returned to the marital home.  The Appellate Panel found Wifes testimony inconsistent with other credible witnesses and not supported by any corroborating evidence.  Accordingly, the Appellate Panel found Wife not to be credible.  Husbands son testified Husband lived with him or Husbands mother following his release from jail.  Husbands mother testified that Husband lived with her once he was released.  Husbands nephew testified in July and August 2005, he lived with Husband and Husbands son and took Husband to work everyday.  Further, Husbands ex-wife testified Husband lived with their son and Husbands mother at the time of his death.  

Additionally, in regards to Wifes assertion that Husband continued to support her, she testified Husband was planning on putting a down payment on a trailer for them to live in together.  She also testified he continued to pay the rent and provide her with support, but because he only dealt in cash she could provide no record.  She did not call her landlord to testify that Husband continued paying the rent or provide any evidence Husband provided her with support after he went to jail.  Accordingly, the record contains substantial evidence to support the Appellate Panels findings that Husband and Wife did not live together and Husband was not supporting Wife at the time of his death.
 
Additionally, Wife argues the Appellate Panel erred in finding Wife was not a supported spouse because the only conclusions from the evidence were the separation was for justifiable cause or Husband deserted Wife.  We disagree.
Initially, we note this issue is not preserved for our review.  In her testimony before the single commissioner, Wife testified she and Husband still lived together.  Wife did not argue Husband deserted her or that they were separated for justifiable cause.  The single commissioner found Wife was not a surviving spouse based on the finding they were not living together and Wife was not dependent on Husband for support.  The single commissioner failed to find whether Husband deserted Wife or whether they were living apart for justifiable cause.  When Wife appealed, she asserted she and Husband were living together and she was dependent on him for support.  Wife also asserted, in the alternative, if she and Husband were separated, the only other conclusions were Husband deserted her or they were living apart for justifiable cause, which was Husbands alleged domestic abuse.  The Appellate Panel affirmed the single commissioners report, adopting it in full, and did not rule on the issues of desertion and justifiable cause.  Wife appealed to the circuit court asserting the same grounds as in her appeal to the Appellate Panel.  The circuit court affirmed adopting the findings of the Appellate Panel, thereby not addressing the desertion and separation for justifiable cause issue.  Wife did not file a Rule 59(e), SCRCP, motion.  Accordingly, this issue is not preserved for our review.  See In re Michael H., 360 S.C. 540, 546, 602 S.E.2d 729, 732 (2004) (An issue may not be raised for the first time on appeal.  In order to preserve an issue for appeal, it must be raised to and ruled upon by the trial court.); Lucas v. Rawl Family Ltd. Pship, 359 S.C. 505, 510-11, 598 S.E.2d 712, 715 (2004) (It is well settled that, but for a very few exceptional circumstances, an appellate court cannot address an issue unless it was raised to and ruled upon by the trial court.).  
 
Further, this issue also fails on its merits.  Husbands son testified that upon Husbands release from jail, he took Husband home where they discovered Wife had packed all of Husbands belongings in his car.  Wifes own testimony was that she and Husband still lived together.  Thus, Wife did not meet the elements of desertion.  See Vickers v. Vickers, 255 S.C. 25, 30, 176 S.E.2d 561, 563 (1970) (The essential elements of desertion are . . . (1) [c]essation from cohabitation for the required statutory period; (2) intent on the part of the absenting party not to resume it; (3) absence of the opposite partys consent; and (4) absence of justification.).  Further, there was no evidence the parties were separated for justifiable cause.  Wife testified Husband did not abuse her and provided no evidence of Husbands abuse.  Further, Wife testified she and Husband were not living apart.  Therefore, the record contains substantial evidence to support the Appellate Panels findings.
CONCLUSION
Accordingly, because the record contains substantial evidence Husband and Wife did not live together and Husband was not supporting Wife at the time of his death, substantial evidence supports the Appellate Panels finding.  Additionally, the issue of whether Husband deserted Wife or whether Husband and Wife were separated for justifiable cause is not preserved for appellate review.  Further, the record contains substantial evidence to support the finding that Husband did not desert Wife, and Husband and Wife were not separated for justifiable cause.  Therefore, the Appellate Panels order is
AFFIRMED.
STILWELL, SHORT, and WILLIAMS JJ., concur.