## 21410

Jarelle J. LARK, Respondent, v. BI-LO, INC. and American Mutual Liability Insurance Company, Appellants.

(276 S. E. (2d) 304)

*Ernest J. Nauful, Jr.,* of *Nauful & Lacy,* Columbia, *for appellants.*

*C. LaVaun Fox,* Aiken, *for respondent.*

March 12, 1981.

LEWIS, Chief Justice:

This Workmen's Compensation case raises two questions for consideration: (1) whether or not the Administrative Procedures Act (Section 1-23-310 *et seq.,* South Carolina Code of Laws, 1976) requires a change in the scope of judicial review of factual determinations by the Industrial Commission; and (2) the sufficiency of the evidence in this case to support the Commission's award in favor of the respondent-claimant. The appeal is from an order of the lower court affirming the award of the Commission. We affirm.

Initially appellant argues that the adoption of the Administrative Procedures Act modified the previous judicial scope of review for hearings involving Workmen's Compensation because "agency" as defined by Code Section 1-23-310 includes the Industrial Commission. It concludes that the lower court erred by failing to apply this new standard,

which, it argues, would have required reversal of the Commission.

We think it proper, at the outset, to have in mind the two standards for judicial review, with which we are here dealing.

Our current Workmen's Compensation statute and its corresponding provision as to judicial review had its genesis in 1936.

Section 42-17-60, South Carolina Code of Laws, 1976, currently codifies the originally enacted provision concerning appeals to the judiciary in Workmen's Compensation cases. This section was originally applied in *Murdaugh v. Robert Lee Construction Co.*, 185 S. C. 497, 194 S. E. 447, as rendering an award of the Industrial Commission conclusive and binding on judicial review as to all questions of fact if such factual findings are supported by *any* competent evidence. This court has consistently been governed in its review of Workmen's Compensation cases, by the principle that an award of the Commission must be affirmed if there is any evidence to support it.

Appellant contends, however, that the previous statutory provisions relating to the scope of review in Workmen's Compensation cases have been, in effect, repealed and superseded by the Administrative Procedures Act.

The Administrative Procedures Act, relied upon by appellant, was originally enacted in 1977. It purports to provide uniform procedures before State Boards and Commissions and for judicial review after the exhaustion of administrative remedies. Section 1-23-380(g) concerns the scope of judicial review and provides:

(g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on the questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may

reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

The Administrative Procedures Act, therefore, establishes the "substantial evidence" rule as the standard for judicial review of decisions of the Boards and Commissions coming within its terms; while the previous standard for review of awards of the Industrial Commission is that of "any evidence." Upon review of the two standards for judicial review, it is apparent that the newly enacted section in the Administrative Procedures Act is a grant of greater appellate authority to the courts, and that the two are to a great degree inconsistent.

We must, therefore, determine whether the scope of judicial review as set forth in the Administrative Procedures Act is applicable to review of awards of the Industrial Commission.

Section 1-23-310(1) of the Administrative Procedures Act defined the term "agency" as used therein and it thereby prescribes the extent of the Act's application. This section defines "agency" as follows:

(1) 'Agency' means each State board, commission, department or officer, other than the legislature or the courts, authorized by law to make rules or to determine contested cases.

We think the South Carolina Industrial Commission is clearly an "agency" within the meaning of the foregoing section, since it has rule making authority (Code Section 42-3-30), and hears and decides contested matters (Sections 42-3-180 and 42-17-40). In addition, the comments of the Commissioners who proposed the Uniform Administrative Procedures Act indicate that it was the intent of the drafters that the term "agency" in the model act be all inclusive. 14 ULA Model State Administrative Procedures Act, p. 372.

Since the South Carolina Industrial Commission clearly comes within the terms of the Administrative Procedures Act, we must determine whether the provisions repeal the scope of review in Workmen's Compensation cases as set forth in Section 42-17-60, *supra*. There has been no express repeal of Section 42-17-60, and, if it has been repealed, it must be by implication.

While we recognize the principle that repeal of a statute by implication is not favored, *Craig v. Bell*, 211 S. C. 473, 46 S. E. (2d) 52, we think the legislative intent to repeal the scope of review provisions of Section 42-17-60 is explicitly implied from the provisions of the later general Administrative Procedures Act and that Act's legislative history. It contains a provision relating to rules of evidence at administrative hearings. As originally formulated in 1977, it provided that the rules of evidence as applied in civil cases in the court of common pleas shall be followed. Two years later, the General Assembly amended the evidentiary section to grant an exemption to the Industrial Commission concerning the rules of evidence. The preamble to that legislation provided that the purpose of the amendment was to "exempt the Industrial Commission from the requirement that rules of evidence in the circuit court be followed in contested cases before regulatory agencies." We think this history and the amendment to the Act is an explicit legislative recognition that the Administrative Procedures Act applied

to Workmen's Compensation cases; otherwise, the Legislature would not have felt compelled to provide an exemption relative to the rules of evidence for the Industrial Commission.

We have previously noted that the two standards for judicial review are inconsistent and cannot apply without conflict.

Therefore, Section 1-23-380(g), quoted above, governs the standard of judicial review of awards of the Industrial Commission. Pertinent here this section empowers the court on review to reverse or modify the decision "if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(5) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.

In accord with the foregoing provisions, the award of the Industrial Commission can be set aside only if unsupported by "substantial evidence." We discussed this rule in *Law v. Richland County School Dist. No. 1*, 270 S. C. 492, 243 S. E. (2d) 192, and stated:

"Substantial evidence" is not a mere scintilla of evidence nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action.

The United States Supreme Court, in *Consolo v. Federal Maritime Commission*, 383 U. S. 607, 620, 16 L. Ed. (2d) 131, 140, 86 S. Ct. 1018, 1026, quoting in part from prior decisions, discussed the "substantial evidence" rule as follows:

We have defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." . . . "It must be enough to justify, if

the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury . . ." This is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.

While the "substantial evidence" rule allows more appellate authority to the courts, we think the language of the statute clearly indicates that its application is only in those cases where a manifest or gross error of law has been committed by the administrative agency. The statute specifically states: 'The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." In addition, the statute states that the decision under appeal must be "clearly erroneous" in view of the substantial evidence on the whole record.

We, therefore, caution the Bench and Bar as to the limitations upon the application of the "substantial evidence" rule in reviewing the decision of administrative agencies. As stated in *Dickinson-Tidewater, Inc. v. Supervisor of Assess.*, 273 Md. 245, 329 A. (2d) 18, 25, the substantial evidence test "need not and must not be either judicial fact-finding or a substitution of judicial judgment for agency judgment"; and a judgment upon which reasonable men might differ will not be set aside.

> The substantial evidence rule, prescribed in the statute, means that we will not overturn a finding of fact by an administrative agency "unless there is no reasonable probability that the facts could be as related by a witness upon whose testimony the finding was based." *Independent Stave Co. v. Fulton*, 251 Ark. 1086, 476 S. W. (2d) 792, 793.

> Finally, the appellant argues that the evidence before the Commission was insufficient to establish that the claimant suffered an injury by accident. We disagree.

The trial judge did not apply the "substantial evidence" test in considering the sufficiency of the evidence, but concluded that there was a scintilla and affirmed the Industrial Commission's findings on that basis. Ordinarily, we would remand to the trial court for further consideration in light of the standard of review prescribed by Administrative Procedures Act. However, we have no difficulty in applying that standard in our consideration of the matter and, accordingly have reviewed the facts.

The record indicates that the respondent was employed to restock the shelves of the appellant's grocery store. On the day in question, he was placing several large boxes on a moving cart. During this process, he observed a box containing another item fall from the storeroom shelf. He testified: "I bent over and picked up about, maybe a inch off of the floor and something popped and I fell to the floor." The pop he experienced was in his back. Ultimately, his medical treatment included surgery.

The Commission found no reason to disbelieve respondent's testimony; neither do we. This testimony was credible and substantial within the meaning of the relevant standard of review. It was, therefore, sufficient to establish liability. See: *Colvin v. Du Pont De Nemours Co.*, 227 S. C. 465, 88 S. E. (2d) 581.

Judgment affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.