0511

G. Frank COX, Respondent, v. Jackson MILLS and General Accident Group, Appellants.

(332 S. E. (2d) 562)

Court of Appeals

*William U. Gunn* and *Paul B. Zion, Holcombe, Bomar, Wynn & Gunn,* Spartanburg, *for appellants.*

*C. Robert Faucette* and *Terry Haselden, Faucette & Rudasill,* Spartanburg, *for respondent.*

Heard April 24, 1985.

Decided June 25, 1985.

GARDNER, Judge:

G. Frank Cox (Cox) was awarded permanent total disability by order of the Industrial Commission on October 14, 1981. No appeal was taken from this order. On April 26, 1982, and later on June 9, 1982, the hearing Commissioner ordered a lump-sum payment of the remaining award. This order was appealed to the full Commission and was affirmed by them and the circuit court. Jackson Mills and General Accident Group appeal. We affirm.

The appellants urge the awarding of the lump sum is unsupported by the record and that the Industrial Commission abused its discretion in making this award.

Our scope of review is limited to whether there is substantial evidence of record to support the award. *Lark v. Bi-Lo,* 276 S. C. 130, 276 S. E. (2d) 304 (1981). Further, the burden of proof of showing an abuse of discretion rests with the appellants. Section 42-9-300, Code of Laws of South Carolina (1976).

Because we find that substantial evidence of record supports the lump-sum award and that appellants have failed to carry their burden to show an abuse, we affirm.

Claimant testified that he needed the lump-sum award to do major repair work on his house. The circuit court found that he would have to expend much larger sums later if these repairs were not done in a timely fashion. Cox also demonstrated an ability to manage large sums of money in a prudent fashion.

The single Commissioner, the full Commission and the circuit court all found that the claimant had demonstrated that his best interests would be served by a lump-sum award. In light of the above evidence, we cannot say that their holding was without substantial evidentiary support.

The sole evidence of record which supports the appellants' position that there was an abuse of discretion is an affidavit by the local manager of appellant General Accident Group. In his affidavit he states that his insurance company depends on the investment income from the funds it holds to pay benefits.

In light of the fact that South Carolina law allows lump-sum payments where they are in the best interests of the claimant, we reject this argument.

There is no abuse of discretion shown. We affirm.

Affirmed.

CURETON and GOOLSBY, JJ., concur.