0812

SEABOARD SYSTEM RAILROAD, INC., Respondent v. PUBLIC SER-
VICE COMMISSION OF SOUTH CAROLINA, Appellant.

(349 S. E. (2d) 896)

Court of Appeals

*Sarena D. Burch* and *Arthur G. Fusco* of *Public Service Commission of S. C.*, Columbia, *for appellant.*

*Shawn D. Wallace*, Columbia, *for respondent.*

Heard Sept. 23, 1986.

Decided Oct. 20, 1986.

SANDERS, Chief Judge:

This is an appeal from an order of the Circuit Court reversing an order of appellant Public Service Commission of South Carolina which denied the application of respondent Seaboard System Railroad, Inc. for permission to temporarily replace its resident agent at Newberry with a mobile agency.[1] We affirm the order of the Circuit Court.

---

[1] Seaboard initially filed its application with the Commission seeking permission to permanently replace its agent, but later moved to amend its

The single issue presented on appeal is whether the Circuit Court erred in concluding that the decision of the Commission is "clearly erroneous in view of the reliable, probative and substantial evidence on the whole record." *See* Section 1-23-380(g), Code of Laws of South Carolina, 1976 ("The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative ... decisions are ... (5) Clearly erroneous in view of the reliable, probative and substantial evidence on the whole record...."). "Substantial evidence" is neither a mere scintilla of evidence nor evidence viewed blindly from one side of the case, but rather is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the Commission reached or must have reached. *Palmetto Alliance, Inc. v. South Carolina Public Service Commission*, 282 S. C. 430, 319 S. E. (2d) 695 (1984), citing *Lark v. Bi-Lo, Inc.*, 276 S. C. 130, 276 S. E. (2d) 304 (1981).

The evidence included in the record before us on appeal may be fairly summarized as follows.

Seaboard presented the testimony of its general supervisor of terminal station management. This witness testified that replacing the resident agent with a mobile agency would benefit the public by reducing the cost and increasing the efficiency of service. He further testified specifically and in great detail as to how this would come about through the use by the mobile agency of telephone and radio communications together with computer technology.

The only witness testifying in opposition to the application was a resident of Newberry who is in the lumber business and regularly uses the services of Seaboard as a shipper. This witness testified he had talked with people who had used a mobile agency and these people had told him that they were not satisfied with it. He did not identify these people or give any reason for their not being satisfied other than to say "[t]hey liked it better just like we've got it with our agent face-to-face." He did not testify as to any other reason for his own opposition to the application and

---

application so as to seek permission to implement the change temporarily and on a trial basis for six months subject to the supervision of the Commission and complaints from shippers in the area.

admitted he had no personal experience with a mobile agency.

The record contains no other evidence.[2]

In our opinion, the record does not contain substantial evidence supporting the decision of the Commission to deny the application of Seaboard. The record is replete with evidence presented by Seaboard in support of its application. The witness who testified in opposition to the application did not give any reason for his opposition beyond simply saying unidentified people had told him they were not satisfied with a mobile agency because they preferred dealing with a resident agent. This witness did not otherwise attempt to contradict the detailed and specific evidence presented by Seaboard.

The Commission argues that its decision should not have been reversed even if the only witness who testified in opposition to the application had not testified at all. In support of its argument, the Commission cites *State ex rel. Utilities Commission, et al. v. Duke Power Co.*, 305 N. C. 1, 287 S. E. (2d) 786 (1982). There, the Court stated "[w]hile an administrative body must consider all of the evidence and may not disregard credible undisputed evidence, it is not required to accept particular testimony as true." 287 S. E. (2d) at 798. The Court further stated "[i]t is the prerogative of the Commission to determine the credibility of evidence before it, even though such evidence be uncontradicted by another witness." 287 S. E. (2d) at 799. While we do not necessarily disagree with these principles, we find they are not applicable in the instant case because the Commission did not indicate anywhere in its order that it rejected the evidence presented by Seaboard as not credible.

For these reasons, the order of the Circuit Court is

Affirmed.

SHAW and LITTLEJOHN, JJ., concur.

---

[2] In its order denying the application of Seaboard, the Commission said that, in addition to the testimony of the witness who testified in opposition to the application, its decision was based on "letters of protest" which it had received and that it "was greatly persuaded by the position espoused" by a member of the South Carolina House of Representatives, but no letters of protest or evidence of the position of the Representative are included in the record before us on appeal.