22703

Ressie RAMPEY by Sarah L. GOSSETT, Appellant v. STATE HEALTH AND HUMAN SERVICES FINANCE COMMISSION, Respondent.

(355 S. E. (2d) 268)

Supreme Court

*Michael A. Devine* of *Hodge & Devine*, Spartanburg, *for appellant.*

*Deputy Gen. Counsel Ellis Merritt, Jr., Staff Counsel Timothy R. Fincher, Atty. Gen. T. Travis Medlock* and *Deputy Atty. Gen. Raymond G. Halford*, Columbia, *for respondent.*

Heard Jan. 6, 1987.

Decided April 13, 1987.

RICHTER, Acting Associate Justice:

The State Health and Human Services Finance Commission (Commission) denied Medicaid coverage for appellant's stay in an intermediate care facility. The circuit court affirmed the final decision of the Commission. We affirm.

Appellant was admitted to a nursing home on February 18, 1985. The facility's staff forwarded a form requesting Medicaid coverage for appellant's intermediate care to the Community Long Term Care System (CLTCS). CLTCS is operated by the Commission to provide preadmission assessment, level of care certification, service planning, service authorization, and case management for Medicaid-eligible clients who require skilled or intermediate [nursing home] levels of care. *See* S. C. Code Ann. Vol. 27, Reg. 126-375(C) (Supp. 1985).

A CLTCS social worker visited appellant, reviewed appellant's medical records, and interviewed the facility's staff regarding appellant's condition. Later the social worker and her partner reviewed her impressions. Together, they applied the Level of Care Criteria as set forth in South Carolina Medicaid Bulletin, South Carolina Department of Social

Services, *Medicaid Bulletin H 82-14 NF 82-12* (Aug. 13, 1982), and incorporated by reference in the Commission's regulations, S. C. Code Ann. Vol. 27, Reg. 126-375(C) (Supp. 1985).

The social worker, who has a masters degree in social work, and her partner, who has a masters degree in nursing, determined that appellant did not require an intermediate level of care based on the Level of Care Criteria. The social worker discussed this decision with two of appellant's doctors. She then informed appellant's daughter and the nursing home of her decision. The social worker advised appellant's family to consider the option of placing appellant in a residential care facility.

■ An individual is eligible for Medicaid benefits for nursing home expenses whenever that person's health needs require intermediate care or skilled care. The Commission is the state agency charged with determining a claimant's eligibility pursuant to its Level of Care Criteria. Under our scope of review, we must uphold the final administrative decision of the agency unless it is "clearly erroneous, arbitrary, capricious, or characterized by abuse of discretion, or clearly erroneous in view of the substantial evidence of the whole record." S. C. Code Ann. § 1-23-380(g)(5) & (6)(1976, as amended).

Pursuant to the Commission's Level of Care Criteria, a patient can be certified as needing intermediate care if he either "requires daily monitoring of a stable medical condition where overall care planning is necessary and [has] at least one functional deficit . . ." or has a significant specified psychobehavioral problems and at least one functional deficit. South Carolina Department of Social Services, *Medicaid Bulletin H 82-14 NF 82-12* (Aug. 13, 1982). Any one of the following would be considered a functional deficit:

1. Requires moderate assistance with activities of daily living which include bathing, dressing, feeding, & toileting.
2. Requires moderate assistance with ambulation.
3. Requires transfer to chair where client sits unsupported.
4. Requires routine incontinence care, catheter care, or ostomy care.

The Commission found that appellant requires daily monitoring of a stable medical condition where overall care planning is necessary. The issue in this case, then, is whether there is substantial evidence to support the Commission's finding that none of the four functional deficits are present. The portion of the Commission's order that dealt with this issue stated that the social worker's "testimony indicated that functional deficit 1 ... means that a person must require moderate assistance in *all* of the activities listed. That is: moderate assistance in bathing *and* in dressing *and* in feeding *and* in toileting." While we agree that the agency's decision is supported by substantial evidence, we disagree with their interpretation of functional deficit 1.

The interpretation that the agency gave to the social worker's testimony conflicts with the very Medicaid Bulletin that sets forth the functional deficit in question. The bulletin states, "If a person meets the level of need described in any one column, he/she can qualify for that level of care. Since each individual situation will be unique, no set of criteria can adequately describe all the possible conditions that may exist. Professional judgment and a knowledge of each individual's particular situation must be used when applying these criteria." South Carolina Department of Social Services, *Medicaid Bulletin H 82-14 NF 82-12* (Aug. 13, 1982). It is clear that in some circumstances a person who is able to bathe but is unable to dress herself, feed herself, or use the toilet might require the services of an intermediate care facility. The bulletin which establishes the criteria does not require that a person require moderate assistance in all of the listed activities; instead the bulletin states that it is up to the professional judgment and knowledge of the social worker as to whether a given individual meets the Level of Care Criteria. In the present case, the social worker in charge of appellant's case determined after a proper evaluation that appellant did not require an intermediate level of care. The fact that this Court may have reached a different decision is irrelevant. The record contains substantial evidence which supports the agency's decision that appellant is not entitled to have Medicaid fund coverage for her stay in an intermediate care facility. *See*

*Lark v. BiLo, Inc.*, 276 S. C. 130, 276 S. E. (2d) 304 (1981). The agency's decision to deny coverage is based on their specific finding that appellant does not require moderate assistance with her activities of daily living, that appellant does not require moderate assistance in ambulation or transfer, and that appellant does not require routine incontinence care of any kind. We accordingly affirm.

Affirmed.

NESS, C. J., and GREGORY and FINNEY, JJ., concur.

Associate Justice A. LEE CHANDLER, not participating.