0985

Billy BYERS, Appellant v. Blumenthal MILLS, Respondent.
(358 S. E. (2d) 717)

Court of Appeals

*Paul Townsend McChesney*, of *Fraley, McChesney and McChesney*, Spartanburg, *for appellant.*

*Michael M. Nunn* and *Alvin Coleman*, Florence, *for respondent.*

Heard May 25, 1987.

Decided July 6, 1987.

*Per Curiam:*

In this worker's compensation case, the claimant, Billy Byers, seeks compensation from his former employer, Blumenthal Mills, asserting that he suffered an injury to his back on March 28, 1985. The single hearing Commissioner found:

> The claimant failed to carry the burden of proving the facts by the substantial weight of the evidence which would entitle him to the benefits sought. Considering all of the testimony in this case I do not find the claimant's version of how he allegedly hurt his back to be credible.

The full industrial Commission agreed with the single Commissioner and affirmed finding no error. Upon an appeal to the Court of Common Pleas, the circuit judge ruled there was substantial evidence to the effect that the claimant did not sustain a back injury. The appeal was dismissed. Claimant now appeals the order of the circuit judge asserting five exceptions.

Only one question has been submitted to this Court as follows:

> Whether the circuit court erred in refusing to remand this case for another hearing on the issues of temporary total benefits and medical treatment, since significant portions of the individual hearing Commissioner's particular findings of fact, affirmed by the Full Commission, were totally unsupported by the evidence. These erroneous findings of facts include quotations and references to testimony and statements that appear nowhere in the Transcript of Record.

Inasmuch as other exceptions are not argued, they are considered abandoned.

Counsel argues that the case should be remanded to the Industrial Commission because there is included in the single Commissioner's Order (affirmed by the full Commission) factual statements not supported by the evidence taken at the hearing. Counsel for the employer in its brief admits ". . . that the decision and order of the single Commissioner contains some broad statements which are not directly found in the record." Counsel argues, however, that the basic findings of the Commissioner are supported by the evidence. We agree.

When evidence is in conflict, someone has to determine the true facts. In worker's compensation cases, the Commission is the finder of fact, and its findings will not be disturbed if supported by substantial evidence. *Lark v. Bi-Lo, Inc.*, 276 S. C. 130, 276 S. E. (2d) 304 (1981). The initial basic factual issue which the Commission had to determine was: "Did the employee suffer an accident arising out of and in the course of his employment." Or stated another way, the Commission had to determine if claimant was injured on the job. It is implicit from the wording of the single Commissioner's Order, approved by the full Commission, that the claimant's testimony was not worthy of belief. His showing was found to be incredible. Our review of the record forces the conclusion that there was substantial evidence upon which the Commission was entitled to rely supporting the ultimate conclusion that this employee was not injured on the job.

We cannot say that the findings of the Commissioner were not sufficient to permit adequate judicial review by this Court. The inaccuracies in the Order, pointed out by counsel for the employee, and conceded by counsel for the employer, are not sufficient to justify or require remand to the Commission. There is no real probability that an elimination of the inaccuracies, or correction of the same, would change the result. Certainly the inaccuracies have not prevented this Court from giving to the action of the single Commissioner, and of the full Commission, the review to which it is entitled.

Affirmed.