1043

Vera SCRUGGS, Respondent v. TUSCARORA YARNS, INC., Employer, and Carolinas Textile Manufacturers, Carrier, Appellants.

(362 S. E. (2d) 319)

Court of Appeals

*Michael A. Farry,* of *Horton, Drawdy, Ward & Johnson,* Greenville, *for appellants.*

*Richard H. Rhodes* and *Ben C. Harrison,* of *Burts, Turner, Hammett, Harrison, Rhodes & Thompson,* Spartanburg, *for respondent.*

Heard Sept. 22, 1987.

Decided Nov. 9, 1987.

SHAW, Judge:

This is an appeal from an award of the South Carolina Industrial Commission under the South Carolina Workers' Compensation Law. Appellants, Tuscarora Yarns, Inc. and Carolinas Textile Manufacturers, hereinafter employer, appeal from an award of the single commissioner in favor of respondent, Vera Scruggs. The full commission and the circuit court upheld the award. We affirm.

On September 21, 1983, Mrs. Scruggs suffered injuries to her back while working for Tuscarora Yarns, Inc. She missed over three weeks of work, returning on October 17, 1983, and continuing to work until May 2, 1984. Subsequent to leaving work, Mrs. Scruggs sought treatment from Dr. Seastrunk, a doctor specializing in orthopaedics. Dr. Sea-

strunk transferred Mrs. Scruggs to the care of Dr. Rollins for diagnosis and treatment of a suspected ruptured disc. Upon examination, Dr. Rollins was "highly suspicious that she [had] a herniated lumbar disc." The only way to verify this diagnosis with certainty was to have a myelogram, a test which Dr. Rollins told her was not to be taken lightly and should be performed only if she wanted to proceed with surgery. Dr. Rollins testified there was a 70 to 75 percent chance surgery would lead to a significant improvement in Mrs. Scruggs' condition, but that he did not recommend surgery since he felt patients need to make that decision for themselves. The single commissioner found Mrs. Scruggs suffered a total and permanent disability of 50 percent and should receive compensation of $160.35 per week for a period not to exceed 500 weeks.

The employer first argues there is no substantial ■■ evidence to support a finding that Mrs. Scruggs was permanently and totally disabled as a result of the September 1983 injury. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and we will not overturn a finding of fact by an administrative agency unless there is no reasonable probability the facts could be related by a witness upon whose testimony the finding was based. *Lark v. Bi-Lo, Inc.*, 276 S. C. 130, 276 S. E. (2d) 304 (1981).

The employer admits Mrs. Scruggs suffered a com-
■ pensable accident on September 21, 1983, but contends there was no causal connection between that injury and her disability. In *Cross v. Concrete Materials*, 236 S. C. 440, 114 S. E. (2d) 828 (1960), our Supreme Court held when the testimony of medical experts is relied upon to establish a causal connection between an accident and a subsequent disability, the expert's opinion must at least be that the disability most probably resulted from the accidental injury. The employer argues because Dr. Rollins did not state the disability was "most probably" due to her September 1983 injury, Mrs. Scruggs failed to meet her burden of proof. Dr. Rollins testified he thought it was "reasonable to state that her ruptured disc occurred as a result of her injury ... in September of 'Eighty-three." When asked if the ruptured disc most probably resulted from the September 1983 injury,

50

Dr. Rollins responded, "I think it is reasonable—her condition is consistent with an injury that was from lifting in September of 'Eighty-three." Further, the lower court had Mrs. Scruggs' testimony on which to rely. After the September 1983 injury, she testified she was able to do little more than work, claiming a dramatic change in her lifestyle. Therefore, we find all of the evidence, viewed as a whole, constituted the required substantial evidence that the disability was causally connected to the September 1983 injury.

■ Next the employer contends the lower court erred in finding Mrs. Scruggs had reached maximum medical improvement at the time of the hearing. At the March 1985 hearing, Mrs. Scruggs testified she was still undergoing physical therapy and it was helping her some. Dr. Rollins previously testified in his deposition that Mrs. Scruggs had reached maximum medical improvement. The employer argues Dr. Rollins' medical opinion was contradicted by Mrs. Scruggs and therefore should have been rejected. However, it is reasonable to conclude the doctor's opinion was consistent with the facts. Mrs. Scruggs was still under Dr. Rollins' care and was taking physical therapy at his office. She may receive physical therapy for the rest of her life, but may never attain a greater medical improvement. We therefore find there was substantial evidence that Mrs. Scruggs had reached maximum improvement.

■ Finally, the employer argues the record did not contain substantial evidence to support a reasonable conclusion that Mrs. Scruggs was lawfully justified in her refusal to submit to a myelogram and/or surgery. Section 42-15-60 of the 1976 Code of Laws of South Carolina provides in part:

> The refusal of an employee to accept any medical, hospital, surgical or other treatment when provided by the employer or ordered by the Commission shall bar such employee from further compensation ... unless in the opinion of the Commission the circumstances justified the refusal ...

Mrs. Scruggs was 61 years old at the time of the hearing and had a heart problem. Dr. Rollins testified he told Mrs.

Scruggs a myelogram was a test not to be taken lightly. He further stated there was a 25 to 30 percent chance her condition would remain the same or become worse after surgery. Mrs. Scruggs testified she had seriously considered surgery, but in light of her age and other factors, felt it would not benefit her. We find there is substantial evidence to support the finding that Mrs. Scruggs was justified in refusing further treatment.

Further, the myelogram was not intended for treatment, but for diagnostic purposes. Dr. Rollins had already testified as to his diagnosis of Mrs. Scruggs' condition and that there would be no need for a myelogram unless she intended to proceed with surgery. Because Mrs. Scruggs was justified in refusing surgery, she was likewise justified in refusing to submit to a myelogram.

For the foregoing reasons, the judgment below is

Affirmed.

BELL and CURETON, JJ., concur.