22950

Sammy MOORE, d/b/a Moore and Associates, Respondent v. SOUTH CAROLINA REINSURANCE FACILITY, Appellant.

(376 S. E. (2d) 510)

Supreme Court

*Thomas C. Salane,* of *Turner, Padget, Graham & Laney, P.A.,* Columbia, *for appellant.*

*David M. Ratchford, G. McCelvey Hester,* both of *Ratchford and Associates,* Columbia, and *E. Leroy Nettles, Jr.,* of *Nettles, Floyd, Turbeville & Reddick,* Lake City, *for respondent.*

Heard Dec. 8, 1988.

Decided Feb. 6, 1989.

CHANDLER, Justice:

South Carolina Reinsurance Facility (Facility) appeals a Circuit Court Order requiring it to certify each of three additional locations of Respondent Sammy Moore (Moore) as a "designated agent" (D.A.) of the Facility. We reverse.

## FACTS

Facility was created by statute in 1974[1] to provide high risk drivers with automobile insurance not available through the voluntary market. All companies writing such insurance in South Carolina are required to belong to Facility, and are mandated to issue policies on high risk drivers. Losses incurred by these risks are then apportioned among all insurers.

The Facility, acting through its Governing Board, appoints D.A.'s and assigns to them a geographic area (location) for the issuance of policies.

In January, 1987, Moore applied to Facility for approval as D.A. in each of his four existing locations: Lake City, Lamar, Olanta and Johnsonville. Facility approved Moore's application as D.A. for the Lake City location only.[2] Moore petitioned the Circuit Court, which remanded the case and ordered that Facility conduct a contested-case hearing and issue a final order in compliance with the Administrative Procedures Act (APA). Facility's final Order re-affirmed its earlier ruling granting D.A. status for Lake City only.

---

[1] S. C. Code Ann. §§ 38-37-710 to 790 (1976), as amended by Act No. 145 of 1985. These sections were recodified by Act. No. 155 of 1987, effective January 1, 1988, and are now §§ 38-77-510 to 620 (1987 Cum. Supp.).

[2] When advised by Facility that he would be assigned one location only, Moore indicated Lake City as his preference.

Circuit Court reversed on the grounds that (1) Facility had no discretion to deny D.A. status for multiple locations, and (2) Facility's finding was not supported by substantial evidence as required by the APA.[3] Facility was ordered to confer D.A. status upon the Lamar, Johnsonville and Olanta locations.

## ISSUES

Although a number of issues are raised by the appeal, we address only:

1. Whether Facility has discretion to grant or deny designated agent status to multiple locations?

2. Whether Facility's decision was supported by substantial evidence?

## I. *DISCRETION*

Moore contends that § 38-37-150[4] mandates that an applicant be approved as a designated agent in each of his existing locations. We disagree.

Nothing in the statute requires Facility to certify each of an applicant's multiple locations as D.A. To the contrary, the Facility is required to certify "a specific location" to each D.A. Additionally, § 38-37-150(E) states that "designated producers may not open or maintain any other locations without the written authorization of the governing board." Clearly, this language vests Facility with discretion to grant or deny D.A. certification of multiple locations.

## II. *SUBSTANTIAL EVIDENCE*

Moore next argues that, even if Facility has discretion to certify multiple locations, its denial of his application for Lamar, Olanta and Johnsonville is against the substantial evidence on the whole record. We disagree.

Under § 1-23-380(g), a reviewing court may not substitute its judgment for that of an administrative agency as to the weight of evidence on questions of fact. However, "[t]he court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the

[3] S. C. Code Ann. § 1-12-380(g) (Cum. Supp. 1987).
[4] This section is recodified as § 38-77-590.

administrative findings, inferences, conclusions or decisions are ... clearly erroneous in view of the reliable, probative and substantial evidence on the whole record...." S. C. Code Ann. § 1-23-380(g) (Cum. Supp. 1987). Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the agency reached to justify its action. *Lark v. Bi-Lo, Inc.*, 276 S. C. 130, 276 S. E. (2d) 304 (1981).

Evidence was presented that over 250 licensed property and casualty insurers operate in the geographic area. Moore's customers live primarily in rural areas within short distances of Lake City, which is central to the other three locations. There was also evidence that other D.A.'s are in close proximity to Moore's Olanta, Johnsonville and Lamar locations.

Based upon this and other evidence, Facility concluded that additional D.A.'s were not needed in these areas. Accordingly, it denied Moore certification in the additional locations.

Viewing the record as a whole, we find that Facility's decision is supported by substantial evidence. The Order of the Circuit Court is reversed.

Reversed.

GREGORY, C. J., and HARWELL, FINNEY and TOAL, JJ., concur.