<hr />

1880

STATE WORKERS' COMPENSATION FUND v. SOUTH CAROLINA SECOND INJURY FUND, (In re Warren M. HUNT v. SOUTH CAROLINA STATE FORESTRY COMMISSION).

(423 S.E. (2d) 158)

Court of Appeals

*Brooks Shealy, Chief Counsel, South Carolina Second Injury Fund,* Columbia, and *Edgar W. Dickson,* of *Williams & Williams,* Orangeburg, *for appellant.*

*Richard B. Kale, Jr.,* of *Haynsworth, Marion, McKay & Guerard,* Greenville, and *E. Ros Huff, Jr., Chief Counsel, State Workers' Compensation Fund,* Columbia, *for respondent.*

Heard Aug. 25, 1992.

Decided Oct. 26, 1992.

*Per Curiam:*

In September of 1986 Warren M. Hunt (employee) brought a Workers' Compensation claim against his employer, the State Forestry Commission, and its insurance carrier, the State Workers' Compensation Fund, for total disability from heart disease under South Carolina Code § 42-11-30. He prevailed and collected $90,906.

The carrier filed a request for reimbursement from the Second Injury Fund. At issue in this proceeding is the sole question of whether the employer's carrier is entitled to be reimbursed with second injury funds. The hearing commissioner found there was no second injury and denied reimbursement. The carrier appealed and the full commission affirmed. The

carrier appealed to the circuit court which reversed, holding without addressing the Administrative Procedures Act or specifying new facts or conclusions of law that the Second Injury Fund must contribute. We reverse.

The fifty-eight-year-old employee worked at the State Forestry Commission from 1956 until his heart attack in 1986 for which he has collected compensation. While employed as a fire fighter, long before his heart attack, he was diagnosed as having heart disease and arteriosclerosis. He continued to work for his same employer until his heart attack in 1986.

The gravamen of the hearing commissioner's and the full commission's ruling is that there was no second injury for which the employer's carrier was entitled to be reimbursed. They held in effect that there was a logical progression of the disease over a period of years.

Judicial review of decisions by administrative bodies, such as the Workers' Compensation Commission, are controlled by South Carolina Code Annotated § 1-23-380(g) (1986). *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 276 S.E. (2d) 304 (1981). Neither the circuit court nor this court may reverse findings of fact unless, inter alia, they are "[c]learly erroneous in view of the reliable, probative and substantial evidence on the whole record. . . ." S.C. Code Ann. § 1-23-380(5) (1986).

While the employee experienced heart disease and arteriosclerosis prior to his heart attack of 1986, he continued to work at the same job. The only injury involved in this case is that occurring by reason of a heart attack in 1986. This is a typical case of one suffering a single injury as contemplated by the occupational disease statute. We agree with the hearing commissioner and the full commission that there has been no "second injury." It is in the nature of all occupational disease cases that the disability arises over a period of time. Often there is no single incident to which the injury can be attributed.

Counsel argues that the case is similar to *Springs Indus., Inc. v. South Carolina Second Injury Fund*, 296 S.C. 359, 372 S.E. (2d) 915 (1988), wherein reimbursement was allowed. In that case claimant Kinghorn had worked in a cotton mill from 1943 to 1970 when she developed breathing difficulties such as shortness of breath, wheezing, and a tightness in her chest. In 1973 she developed a chronic productive cough. In May of 1975, she, for the first time, began working for Springs Indus-

tries; nine months later she became totally disabled due to byssinosis, a form of chronic obstructive pulmonary disease. Medical testimony was to the effect that Kinghorn's byssinosis resulted from thirty-one years of exposure to cotton dust while working for a former employer. The doctor testified that her previous employment was the major cause of her present condition, and he concluded that her condition was permanent at the time she was hired by Springs Industries. This court held that the claimant suffered from a pre-existing permanent physical impairment when she was hired.

Here the employee did not have a permanent impairment when he was hired by the employer. There is substantial evidence warranting the finding of the hearing commissioner and the full commission that there was no second injury as contemplated by the statute.

Reversed.