2474

METRIC CONSTRUCTORS, INC., Appellant v. DIVISION OF OCCUPA-
TIONAL SAFETY AND HEALTH of the SOUTH CAROLINA DE-
PARTMENT OF LABOR, LICENSING, AND REGULATION, Respon-
dent, and South Carolina Occupational Health and Safety Review Board,
Respondent.

(468 S.E. (2d) 5)

Court of Appeals

*J. Larry Stine,* of *Wimberly & Lawson,* of Atlanta, Georgia; *M. Lee Daniels, Jr.,* of *Daniel & Brandon,* of Greenville, *for appellant.*

*Cynthia Burns Polk,* of Columbia, *for respondent.*

Heard Feb. 8, 1996.

Decided Mar. 4, 1996.

GOOLSBY, Judge:

The Division of Occupational Safety and Health of the South Carolina Department of Labor, Licensing and Regulation (SCOSH) cited Metric Constructors, Inc. for two violations of the SCOSH Regulations. Metric appeals the order of the circuit court that affirms the decision of the SCOSH Review Board that in turn affirmed one of the citations. We reverse.

Metric was hired as a general contractor to build an addition to the Hoechst Celanese wastewater treatment plant in Rock Hill, South Carolina. In July, 1992 Metric hired two temporary laborers to help clean up the worksite. One of the workers, Paul Taylor, suggested to Metric he could clean up the site faster if he could use a forklift. Taylor indicated he had had experience using a forklift with a previous employer.

After observing Taylor's handling of the forklift, Metric's project manager and its assistant project manager allowed him to operate the forklift on the job site. Taylor successfully operated the forklift for one week before it tilted over on a sharp grade, landing on him and killing him.

As a result of the accident, SCOSH inspected Metric on August 25, 1992. SCOSH issued a citation to Metric alleging, "No training provided operator in the safe operation of a Case 5853, Model No. 580D, forklift, Serial No. JJB 0067185, at Hoechst Celanese Wastewater treatment plant under construction."[1]

Metric protested the citation and a hearing was held before a board member of the South Carolina Occupation Health and Safety Review Board. Metric argued Taylor indicated he was trained in the operation of a forklift by a previous employer and furthermore Taylor adequately demonstrated his skill on the forklift for the project managers before they allowed him to use the machine.

The board member nevertheless agreed with the citation finding that mere reliance on an employee's representations concerning his experience was inadequate verification, particularly in the case of a temporary employee hired from an employment service. The board member also found a demonstration that the employee knew how to drive the machine was inadequate verification of training.

Metric filed a petition of discretionary review to the review board, which the board denied. Metric then appealed to the circuit court, which affirmed the board member's decision.

Metric argues the circuit court erred in affirming the citation because SCOSH did not prove Taylor had not been trained as a forklift operator. Metric argues SCOSH Regulation 71-1926.602(c)(1)(vi) does not require the employer to perform the required training nor does it require the employer to verify the training. We agree.

---

[1] The citation alleged the failure to provide training constituted a violation of SCOSH Regulation 71-1926.602(c)(1)(vi) (1981), which states, "All industrial trucks in use shall meet the applicable requirements of design, construction, stability, inspection, testing, maintenance, and operations, as defined in American National Standards Institute B56.1-1969, Safety Standards for Powered Industrial Trucks." American National Standards B56.1-1969 states, "Only trained and authorized operators shall be permitted to operate a powered industrial truck. Methods shall be devised to train operators in the safe operation of powered industrial trucks."

To prove a violation of a SCOSH standard, the SCOSH inspector must prove by a preponderance of evidence that there was a failure to comply with the cited standard. MARK A. ROTHSTEIN, *OCCUPATIONAL SAFETY AND HEALTH LAW* § 102 (3d ed. 1990). Although no South Carolina cases have construed SCOSH Reg. 71-1926.602(c) (1)(vi), the United States OSHA Review Commission has interpreted 29 C.F.R. § 1910.178(a)(1)(1985), which mirrors the SCOSH regulation.

In *Secretary of Labor v. Trinity Indus.* 15 OSH Cas. 1788(BNA1992) an OSHA inspector cited Trinity under 29 C.F.R. § 1910.178(1) for failure to train its forklift operators. At the initial hearing, the administrative law judge found no evidence in the record of a training program and no evidence the plant's forklift operators had any training in operating the forklifts. The review commission disagreed, finding evidence in the record that Trinity's forklift operators were all previously experienced and trained. Furthermore, the evidence showed the plant supervisors would observe the operators' driving to ensure they were proficient in maneuvering forklifts before authorizing them to use the forklifts. Based on this evidence, the commission found the Secretary had not proven a violation of the regulation by a preponderance of the evidence.

The language of the regulation in question, "Only trained and authorized operators shall be permitted to operate a powered industrial truck," does not specify from whom the operator must receive his training. The plain meaning of that language, therefore, does not preclude an operator from receiving his training from a previous employer.

Here, SCOSH did not meet its burden of proving by a preponderance of the evidence Taylor was not trained to operate the forklift. In fact, the SCOSH inspector admitted once the owner of the temporary services agency told him he did not have documentation of such training, he did not inquire further as to whether the experience shown on Taylor's employment application was accurate.

Metric also argues the circuit court exceeded its scope of review by making a finding of fact. Specifically, Metric argues the circuit court erred in finding Metric violated the OSHA standard by operating the forklift "without visible indicia of authorization." We agree. In reviewing ad-

ministrative findings, the circuit court is not a fact finder. *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 276 S.E (2d) 304 (1981). Rather, it merely determines whether substantial evidence supports the administrative findings. *Id.* Here, the citation did not allege Metric operated the forklift without visible indicia of authorization and the board did not address that issue. It was error for the circuit court to do so.

Reversed.

HOWELL, C.J., and HEARN, J., concur.