PREHEARING REPORT

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Michael J. Spane, Employee/Claimant, Respondent,
v.
Rentway, Inc./Americas Best Security, Employers, And Employers Insurance of Wassau and Capital City Insurance Co., Carriers,
Of Whom Rentway, Inc., Employer, and Employers Insurance of Wausau, Carrier, are
Appellants,
And Americas Best Security, Employer, and Capital City Insurance Co., Carrier, are
Respondents.
 
 
 

Appeal From Richland County
 J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No. 2006-UP-284
Submitted June 1, 2006  Filed June 19, 2006

AFFIRMED

 
 
 
Darryl D. Smalls, of Columbia, for Appellants.
Donald L. Van Riper, J. Marvin Mullis, Jr., of Columbia, for Respondents.  
 
 
 

PER CURIAM:  Rentway, Inc. and Employers Insurance of Wassau (Rentway) appeal the circuit courts order affirming the decision of the appellate panel of the Workers Compensation Commission (appellate panel) awarding benefits to Michael J. Spane.  Rentway argues that the appellate panel erred in ruling that Spanes present medical condition was the sole responsibility of Rentway and that Spanes new accident did not arise out of or during the course of his employment with Rentway.  We affirm.[1]  
FACTS
On May 15, 1999, Spane suffered a work-related injury to his back lifting a television while employed by Rentway, Inc.  Over the following months, the back injury worsened, and as of December 1999 Spane had been diagnosed with a back injury as a result of the lifting accident.  Rentway admitted Spane injured his back in the lifting incident.  Shortly after the injury, Spane left his employment with Rentway and worked for other employers, including A.T. Services, John A. Defede Law Firm, Verizon Wireless, and Americas Best Security. 
Americas Best hired Spane to do light duty security work.  Spane disclosed his pre-existing, continuing back condition, and as a result, Americas Best assigned him to work in a low traffic area.  However, in August of 2000, Spane suffered an injury to his groin when he jumped a small ditch in an attempt to avoid gunfire at a club where he provided security for Americas Best.  While receiving treatment for the groin injury at Lexington Medical Center, Spane also complained of lower back pain.  Spane testified the back pain he complained of was not a new injury but rather was the continuing pain from the Rentway injury.  Spane further testified the continuing back pain was not a result of the new groin injury, explaining that the back pain continued in the same manner even after the groin injury had fully healed.  
In May of 2001, Spane underwent surgery for the continuing back pain.  During surgery, a disk ruptured and a nerve was damaged in his right foot.  After the operation, Spanes back condition did not improve and continued treatment was required. 
Spane filed a form 50 seeking temporary benefits and further medical care as a result of his back injury suffered while employed by Rentway.  Rentway did not deny the back injury but argued that the back injury was aggravated by the subsequent groin injury sustained while Spane was employed by Americas Best.  Rentway argued Americas Best should be responsible for some portion of the benefits due to Spane.  Americas Best denied any responsibility for Spanes back injury.  
After a hearing, the commissioner found the following: (1) that the claimant sustained injury from an accident arising out of and in the course of his employment with Rentway, (2) that the plaintiff was a covered employee at the time of the accident, (3) that the plaintiff was entitled to temporary total benefits for his leg and back conditions, and (4) that Rentway was responsible for the continuing causally related medical care of the claimant.  The commissioner found Americas Best was responsible only for the costs associated with the emergency room visit for Spanes groin injury.  
The appellate panel and the circuit court affirmed the decision of the commissioner.  This appeal followed.   
LAW/ANALYSIS
Rentway argues the appellate panel erred in finding it was solely responsible for Spanes back injury.  Specifically, Rentway argues the evidence suggests Spane suffered a new back injury while employed with Americas Best.  We disagree.  
The South Carolina Administrative Procedures Act applies to appeals from decisions of the appellate panel.  Lark v. Bi-Lo, Inc., 276 S.C. 130, 134-35, 276 S.E.2d 304, 306 (1981).  In an appeal from the appellate panel, neither this court nor the circuit court may substitute its judgment for that of the appellate panel as to the weight of the evidence on questions of fact but may reverse when the decision is affected by an error of law.  Corbin v. Kohler Co., 351 S.C. 613, 617, 571 S.E.2d 92, 95 (Ct. App. 2002).  Any review of the [appellate panels] factual findings is governed by the substantial evidence standard.  Lockridge v. Santens of Am., Inc., 344 S.C. 511, 515, 544 S.E.2d 842, 844 (Ct. App. 2001).  Accordingly, we limit review to deciding whether the appellate panels decision is unsupported by substantial evidence or is controlled by some error of law.  Corbin, 351 S.C. at 617, 571 S.E.2d at 95.  
Substantial evidence is evidence that, in viewing the record as a whole, would allow reasonable minds to reach the same conclusion that the [appellate panel] reached.  Lockridge, 344 S.C. at 515, 544 S.E.2d at 844.  The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agencys finding from being supported by substantial evidence.  Lee v. Harborside Cafe, 350 S.C. 74, 78, 564 S.E.2d 354, 356 (Ct. App. 2002) (quoting Palmetto Alliance, Inc. v. South Carolina Pub. Serv. Commn, 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984)).
Substantial evidence supports the appellate panels decision that Spanes back condition was caused solely by the admitted accident at Rentway.  The medical evidence in the record supports the appellate panels finding that the back injury was caused by the 1999 lifting injury, not the August 2000 groin pull.  During his medical evaluations from 1999 to 2001, Spane has consistently complained of constant low back pain that radiates down his right leg and foot.  Even the medical records from eight months after the 2000 groin pull only reference the 1999 back injury.  The medical records do not indicate that the back injury causally resulted from or were aggravated by the ditch-leaping event.  In 2001, Dr. Ross D. Lynch specifically notes that the injury stemmed from the 1999 lifting injury and that the condition had progressively gotten worse.  In January of 2000, before the groin injury, Dr. Scott B. Boyd wrote, Mr. Spane returns today for evaluation again he says he is miserable with pain.  He is unable to work, and he feels like he is getting worse.  Again he describes his pain as radiating from his back down into his hip and leg.  Approximately eighteen months after the groin injury, the medical records indicate that Spane still suffered from the same pain Dr. Boyd recorded before the groin injury.  Moreover, Spane testified the continuing back pain was not a result of the new groin injury, explaining that the back pain continued in the same manner even after the groin injury had fully healed.  While it might be possible to reach a different conclusion, substantial evidence exists to support the findings of the appellate panel.     
CONCLUSION
Accordingly, the decision of the circuit court is hereby
 AFFIRMED.
HEARN, C.J., and GOOLSBY and ANDERSON, JJ. concur.   

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.