THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Kenneth Dale Sharp, Employee Appellant,
 v.
 State Ports Authority, Employer and State Accident Fund,
 Carrier, Respondents.
 
 
 

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No. 2009-uP-336
 Heard April 22, 2009  Filed June 15,
2009

AFFIRMED

 
 
 
 D.
 Dusty Rhoades, of Charleston, and Cynthia B. Patterson, of Columbia, for
 Appellant.
 George
 T. Miars, Jr., of Mt. Pleasant, and Cynthia B. Polk, of Columbia, for
 Respondents.
 
 
 

PER
 CURIAM:  In
 this workers' compensation action, Kenneth Dale Sharp (Sharp) appeals
 from an order of the circuit court affirming the full commission's decision to
 award 50% disability benefits of the right lower extremity.  On appeal, Sharp
 contends the circuit court erred in affirming the commission's order denying
 benefits of the hip on the ground Sharp sustained an injury to the hip as well
 as to the lower extremity or leg.  Sharp further asserts the circuit court
 erred in affirming the commission's finding that Sharp's Form 16 settlement,
 which awarded recovery to the leg only, precluded Sharp from seeking recovery
for the hip under the doctrine of collateral estoppel.  
While
 we acknowledge that the hip is separate from the leg, substantial evidence exists
 to support the commission's award.  Furthermore, due to Sharp's Form 16
 settlement, the application of collateral estoppel as a bar to Sharp's
 additional claim to the hip was not in error as the record indicates Sharp was
 aware of his hip injury prior to his voluntary decision to enter into the
 settlement for benefits to the leg only.  See S.C. Code Ann. § 42-17-70
 (1985) (noting that an unappealed award or settlement of the commission shall
 have the same effect as a judgment); Singleton v. Young Lumber Co., 236
 S.C. 454, 463, 114 S.E.2d 837, 841 (1960) (stating an agreement for
 compensation, when approved by the commission, is binding on the parties as an
 order, decision or award of the commission unappealed from, or an award of the
 commission affirmed upon appeal).  Accordingly, we affirm the order of the circuit
 court pursuant to Rule 220(b), SCACR, and the following authorities: Lark v.
 Bi-Lo, Inc., 276 S.C. 130, 136, 276 S.E.2d 304, 307 (1981) (stating an
 appellate court must affirm the findings of fact made by the full commission if
 they are supported by substantial evidence); Tiller v. Nat'l Health Care
 Ctr., 334 S.C. 333, 338, 513 S.E.2d 843, 845 (1999) ("Substantial
 evidence is not a mere scintilla of evidence, but evidence which, considering
 the record as a whole, would allow reasonable minds to reach the conclusion the
 agency reached."); Jinks v. Richland County, 355 S.C. 341, 349, 585
 S.E.2d 281, 285 (2003) ("Collateral estoppel prevents a party from
 relitigating in a subsequent suit an issue actually and necessarily litigated
and determined in a prior action.").
AFFIRMED.
HEARN,
C.J., PIEPER, and LOCKEMY, J.J., concur.