THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 State Accident
 Fund, Appellant,
 v.
 South Carolina
 Second Injury Fund, Respondent,
 In Re:/Leola
 Wyman, Employee/Claimant,
 v.
 South Carolina
 Department of Education, Employer/Carrier.
 
 
 

Appeal From Hampton County
Honorable Carmen T. Mullen, Circuit Court
 Judge
Opinion No.  2010-MO-007
Heard February 17, 2010  Filed March 8,
 2010  
AFFIRMED

 
 
 
 Mary Sowell League, of Ellis Lawhorne & Sims, of Columbia, for
 Appellant.
 Latonya Dilligard Edwards, of SC Second Injury Fund, of Columbia,
 for Respondent.
 
 
 

PER
 CURIAM:  State Accident Fund appeals from an order of the circuit court affirming
 the appellate panel of the South Carolina Workers' Compensation Commission, which
 found Claimant's morbid obesity was neither a permanent condition nor a serious
 enough obstacle to Claimant's further employment.  We affirm pursuant to Rule 220(b)(1), SCACR and the following
 authorities:  Lark v. Bi-Lo, Inc., 276 S.C. 130, 135-36, 276 S.E.2d 304,
 306-07 (1981) (applying a substantial evidence test, an appellate court may not
 substitute its judgment for the judgment of the agency as to the weight of the
 evidence on questions of fact, unless its findings or conclusions are clearly
 erroneous in view of the reliable, probative and substantial evidence on the
 whole record; further, the possibility of drawing two inconsistent conclusions
 from the evidence shall not prevent the appellate panel's findings from being
 supported by substantial evidence); See Tiller v. Nat'l Health Care Ctr. of
 Sumter, 334 S.C. 333, 340, 513 S.E.2d 843, 846 (1999) (affirming that the
 appellate panel, as the ultimate finder of fact, is free to weigh the evidence,
 including medical testimony, and completely disregard it if there is other
 competent evidence in the record).
AFFIRMED.
TOAL, C.J.,
 PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.