THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Kenneth Lee
 Holbert, Jr., Appellant,
 
 
 

v.

 
 
 
 South Carolina
 State Board for Technical and Comprehensive Education, Respondent.
 
 
 

Appeal From the Administrative Law Court
 Marvin F. Kittrell, Chief Administrative
Law Judge

Unpublished Opinion No.  2012-UP-133  
 Heard February 16, 2012  Filed February
29, 2012

AFFIRMED

 
 
 
 J. Falkner Wilkes, of Greenville, for
 Appellant.
 Deidre D. Laws, of Columbia, for
 Respondent.
 
 
 

PER CURIAM: Greenville Technical College (the College) terminated Kenneth Lee Holbert, Jr.'s employment for
 his failure to return to work following an extended medical leave.  The State
 Employee Grievance Committee (Committee) upheld the termination, and the
 Administrative Law Court (ALC) affirmed.  Holbert appeals, arguing the evidence
 in the record does not support his termination.  We affirm pursuant to Rule
 220(b), SCACR, and the following authorities:  
1. As to whether the ALC erred in declining to find
 wrongful termination because (1) Holbert timely provided a medical release from
 Dr. Nelson and (2) Holbert timely returned to work[1]:  Risher v. S.C. Dep't of Health
 & Envtl. Control, 393 S.C. 198, 204, 712 S.E.2d 428, 431 (2011)
 ("A decision of the ALC should be upheld . . . if it is supported by
 substantial evidence in the record."); Lark v. Bi-Lo, Inc., 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981) (holding
 substantial evidence is "evidence which, considering the record as
 a whole, would allow reasonable minds to reach the conclusion that the
 administrative agency reached or must have reached in order to justify its
 action" and is not "a mere scintilla of evidence nor the
 evidence viewed blindly from one side of the case" (internal citation omitted)); Corbin
 v. Kohler Co., 351 S.C. 613, 618, 571
 S.E.2d 92, 95 (Ct. App. 2002) ("[T]he possibility of drawing two
 inconsistent conclusions from the evidence does not prevent an administrative
 agency's findings from being supported by substantial evidence." (internal
 citation omitted)).  
2. As to Holbert's
 remaining issues:  Brown
 v. S.C. Dep't of Health & Envtl. Control, 348 S.C. 507, 519, 560 S.E.2d 410, 417 (2002) (stating issues
 not raised to and ruled upon by the ALC are unpreserved for appellate review); Home
 Med. Sys., Inc. v. S.C. Dep't of Revenue, 382 S.C. 556, 562, 677 S.E.2d 582,
 586 (2009) (holding when the ALC does not rule on an issue properly raised to
 it, the issue is unpreserved for appellate review unless raised in a motion
 pursuant to Rule 29(D), SCALCR, and Rule 59(e), SCRCP); Risher, 393 S.C.
 at 208 n.5, 712 S.E.2d at 433 n.5 (holding issue preservation rules apply to
 cases decided prior to Home Medical).  
AFFIRMED.  
PIEPER and
 GEATHERS, JJ., and CURETON, A.J., concur.  

[1] Some confusion appears to exist regarding the leave
 benefits available under the Family Medical Leave Act (FMLA) and those
 available under the Americans with Disabilities Act (ADA).  Federal law
 provides for up to twelve weeks of leave under the FMLA.  29 U.S.C.A. §§
 26012654 (2009 & Supp. 2011).  In
 addition, South Carolina law permits employees to qualify for up to one hundred
 eighty calendar days of leave, with the possibility of limited extensions,
 pursuant to the ADA.  S.C. Code Ann. Regs. 19-700, 19-712.01(I) (2011).  The
 two types of leave benefits may overlap: "Leave taken under [regulation
 19-712.01] may qualify as [FMLA] leave
 and, if so, will run concurrently."  Reg. 19-712.01.