Justice PLEICONES.
I respectfully dissent as in my view the Appellate Panel of the Workers’ Compensation Commission has no authority to entertain petitions for rehearing. I would therefore affirm the Court of Appeals’ dismissal of Claimant’s appeal as untimely.
I. Section 1-23-380(1)
The majority holds that the “if rehearing is requested” language from § 1-23-380(1), a statute outlining the procedures for obtaining judicial review of an administrative decision, confers upon the Appellate Panel the authority to entertain petitions for rehearing. I disagree.
In my opinion, the majority’s reliance on Lark v. Bi-Lo, Inc., 276 S.C. 130, 276 S.E.2d 304 (1981) is misplaced. The uniformity addressed in Lark clarified that the standard of review applicable to a decision of the Workers’ Compensation Commission is substantial evidence, rather than the previous “any evidence” standard. 276 S.C. at 135-37, 276 S.E.2d 306-07. Lark therefore established uniformity in the judicial review of an agency decision; it did not however establish procedures applicable in the practice before every administrative agency. Accordingly, Lark does not support the majority’s broad interpretation of § 1-23-380.
Further, the majority does not explain how its interpretation of § 1-23-380 can be read in consonance with agency- *280 specific statutes and regulations setting forth individualized procedures in the practice before different agencies. See S.C.Code Ann. § 58-27-2150 (1976) (granting the Public Service Commission the authority to rehear its decisions), S.C.Code Ann. Reg. 28-24 (West 2012) (conferring the same authority upon the Department of Consumer Affairs), S.C.Code Ann. Reg. 61-72.806 (West 2012) (doing the same for the Department of Health and Environmental Control). In contrast to these provisions, there is no statute or regulation granting the Commission the authority to entertain petitions for rehearing. Cf. S.C.Code Ann. Reg. 67-215 (West 2012) (stating the Workers’ Compensation Commission “will not address a motion involving the merits”).[5] In light of these agency-specific statutes and regulations, I decline to interpret § 1-23-380(1) in a manner that renders these provisions as surplusage. See CFRE, L.L.C. v. Greenville Cnty. Assessor, 395 S.C. 67, 74, 716 S.E.2d 877, 881 (2011) (declining to interpret a statute in a manner that rendered as surplusage any word, clause, sentence, provision, or part since the Legislature “obviously intended [the statute] to have some efficacy; or the [Legislature would not have enacted it into law”). Since the Commission is a creature of statute and has only that authority granted to it by the Legislature, and since there is no statute or regulation granting the Commission the authority to entertain petitions for rehearing, I would hold the Court of Appeals properly dismissed Claimant’s appeal. See Med. Soc’y of S.C. v. Med. Univ. of S.C., 334 S.C. 270, 275, 513 S.E.2d 352, 355 (1999) (“An agency created by statute has only the authority granted to it by the legislature.”).
II. Regulation 67-712
The majority ascribes significance to the reference to Rule 203(b)(6), SCACR, in Regulation 67-712 to support its holding that the Commission has the authority to entertain petitions for rehearing. I disagree.
The reference to Rule 203(b)(6), SCACR, in Regulation 67-712 reflects an acknowledgment that judicial review of a *281 decision by the Workers’ Compensation Commission is now had at the Court of Appeals, rather than at the circuit court as was the case before the 2006 amendment to § 1-23-380. Like § 1-23-380(1), Rule 203(b)(6) simply acknowledges that some administrative agencies permit petitions for rehearing. When an agency has the authority to entertain such petitions, and rehearing is sought at that agency, the time for seeking judicial review of that agency’s decision is not triggered until rehearing is granted or denied. Here, there is no grant of authority for the Commission to entertain petitions for rehearing. Therefore, the time for filing a notice of appeal began after the Appellate Panel denied the claim. See S.C.Code Ann. § 42-17-60 (Supp.2014) (establishing thirty days as the time within which a party may seek review of a Commission’s decision to the Court of Appeals). The Court of Appeals therefore properly dismissed the appeal since it was not filed within thirty days from the date the Appellate Panel denied the claim. Consequently, I would affirm the Court of Appeals’ decision to dismiss Claimant’s appeal as untimely.
III. Conclusion
The Legislature has not granted the Commission the authority to entertain petitions for rehearing. The Commission therefore has no such authority, and the Court of Appeals properly determined the timeline for seeking judicial review of the Commission’s decision was triggered when the Appellate Panel issued its decision. I would therefore affirm the Court of Appeals’ dismissal of Claimant’s appeal since it was not filed within thirty days of the Appellate Panel’s decision.

. I can find no support for the majority’s position that Regulation 67-215 applies only to proceedings before the single commissioner.