THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Thomas P. Bush,       
Appellant,
 
 
 

v.

 
 
 
Pioneer Machinery, Employer and Twin City Fire Insurance Company, Carrier,       
Respondents.
 
 
 

Appeal From Richland County
J. Mark Hayes II, Circuit Court Judge

Unpublished Opinion No.  2005-UP-334
Submitted May 1, 2005  Filed May 16, 2005

AFFIRMED

 
 
 
Everett Hope Garner, of Columbia, for Appellant.
James P. Newman, Jr. and Andrew E. Haselden, of Columbia, for Respondents.
 
 
 

PER CURIAM: In this workers compensation action, the single commissioner determined that Thomas P. Bush was permanently and totally disabled as a result of an on-the-job injury to his back.  An appellate panel of the Workers Compensation Commission (the commission) reversed the finding of the single commissioner, holding Bush was entitled only to a twenty percent permanent partial disability.  The circuit court affirmed, and Bush appeals.  We affirm.[1]
FACTS
Thomas P. Bush injured his back during the course and scope of his employment as a heavy equipment mechanic with Pioneer Machinery on January 12, 2001.[2]  Bush sought treatment at Doctors Care on January 16, 2001, complaining of resulting back and leg pain.  The attending doctor diagnosed Bush as suffering from a lumbar strain and prescribed physical therapy and pain medication.  Bush returned to work the following day.  
Bush subsequently sought treatment at Midlands Orthopedics.  After evaluating an MRI, Dr. David Redmond diagnosed Bush as having a work-related injury with compression fracture L3 in a gentlemen with probably [sic] osteoporosis associated with steroid use in treatment of ulcerative colitis and determined Bush was able to perform light duty work.  Dr. Ross Lynch, also of Midlands Orthopedics, separately examined Bush diagnosing a compression fracture L3 minimal, probably steroid induced and possible osteoporosis.  Dr. Lynch recommended a bone density test.  After the results of the bone density test, Dr. Lynch reaffirmed his diagnosis as a compression fracture L3 minimal, probably steroid induced.  
After approximately eight months of treatment, Dr. Redmond released Bush at maximum medical improvement.  He assigned Bush a 5% whole person impairment rating with a 25% impairment rating to his spine.  Moreover, Dr. Redmond noted Bush was able to perform at light physical capacity level and could work with restrictions.  After Dr. Redmond released Bush, Dr. Lynch converted the whole person permanent rating to 6.6% and noted because of Bushs osteoporosis, a permanent light duty status is probably best for him. 
At the hearing, Bush countered the testimony of Dr. Redmond and Dr. Lynch with a non-physician counselor, Dr. William Stewart, in support of his contention of permanent total disability.  Dr. Stewart testified no reasonable stable market exists or will exist for the types of services Mr. Bush is physically, educationally, or vocationally capable of performing/providing.  Based on this testimony, the single commissioner awarded Bush permanent total disability benefits.  
The commission reversed, finding the evidence only supported a finding that Bushs work-related injuries were limited to a lumbar strain and that the compression fracture at L3 was not caused by the work-related injury but rather was caused by osteoporosis resulting from his steroid use for treatment of his ulcerative colitis.  The circuit court affirmed the commission.  This appeal followed.
LAW/ANALYSIS
Bush alleges the circuit court and commission erred in reversing the single commissioners finding that he is permanently and totally disabled as a result of the work-related injury of January 12, 2001.  We disagree.
The South Carolina Administrative Procedures Act applies to appeals from decisions of the commission.  Lark v. Bi-Lo, Inc., 276 S.C. 130, 134-35, 276 S.E.2d 304, 306 (1981).  In an appeal from the commission, neither this court nor the circuit court may substitute its judgment for that of the commission as to the weight of the evidence on questions of fact but may reverse when the decision is affected by an error of law.  Corbin v. Kohler Co., 351 S.C. 613, 617, 571 S.E.2d 92, 95 (Ct. App. 2002).  Any review of the commissions factual findings is governed by the substantial evidence standard.  Lockridge v. Santens of Am., Inc., 344 S.C. 511, 515, 544 S.E.2d 842, 844 (Ct. App. 2001).  Accordingly, we limit review to deciding whether the commissions decision is unsupported by substantial evidence or is controlled by some error of law.  Corbin, 351 S.C. at 617, 571 S.E.2d at 95.  
Substantial evidence is evidence that, in viewing the record as a whole, would allow reasonable minds to reach the same conclusion that the full commission reached.  Lockridge, 344 S.C. at 515, 544 S.E.2d at 844.  The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agencys finding from being supported by substantial evidence.  Lee v. Harborside Café, 350 S.C. 74, 78, 564 S.E.2d 354, 356 (Ct. App. 2002) (quoting Palmetto Alliance, Inc. v. South Carolina Pub. Serv. Commn, 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984)).
Here, substantial evidence exists to support the commissions finding that Bushs work-related injury was limited to a lumbar strain and that his L3 compression fracture was steroid induced.  Bush admittedly took steroids to treat his ulcerative colitis.  According to the testimony of Dr. Redmond and Dr. Lynch, the steroids caused Bush to develop the osteoporosis that led to the compression fracture.  Both of these orthopedists concluded Bush could perform light work with some limitations, and neither assigned more than a small percentage of permanent impairment.  We do note the evidence in support of Bushs claim, but it is not our province to weigh the evidence.  The commission acted well within its authority in assigning weight to the evidence from the two evaluating orthopedists to support its finding. 
CONCLUSION
Because substantial evidence exists to support the commissions finding, the order of the circuit court is
AFFIRMED.
GOOLSBY, HUFF, and KITTREDGE, JJ., concur. 

[1]               We decide this case without oral argument pursuant to Rule 215, SCACR.  
[2]        Respondents do not dispute the compensability of this injury. The briefs refer to the accident date as January 16, 2001.  However, the record indicates the injury occurred on January 12, 2001, and that Bush first sought medical treatment on January 16.