THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Donald Robinson, Respondent,
v.
City of Columbia, Appellant.
 
 
 

Appeal From Richland County
 J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No. 2006-UP-335
Submitted September 1, 2006  Filed September 20, 2006 

AFFIRMED

 
 
 
Kenneth E. Gaines, of Columbia, for Appellant.
J. Marvin Mullis, Jr., of Columbia, for Respondent.
 
 
 

PER CURIAM:  The City of Columbia (City) appeals the decision of the circuit court affirming the order of the South Carolina Workers Compensation Commission (the Commission) denying its Petition/Motion to Amend, Set Aside or Vacate, or Alternatively, Motion to Review Awards on Change of Condition Pursuant to S.C. Code Ann. §42-17-90.  We affirm.[1]     
FACTS
Donald Robinson (Robinson) was an employee of the City.  Robinson filed multiple form 50s seeking workers compensation benefits for the following work place injuries: 1) an injury to his right elbow; 2) carpal tunnel syndrome; 3) injury to his right shoulder; 4) injury to his right arm; & 5) re-injury to his right shoulder.  The City answered by filing form 51s admitting the injury to Robinsons right elbow, right arm, and right shoulder but denying the re-injury of his right shoulder and carpal tunnel syndrome.    
All of Robinsons claims were heard together.  On October 31, 2001, the Single Commissioner issued an order awarding Robinson permanent partial disability benefits for his right upper extremity but denying the claim for carpal tunnel syndrome.  Robinson appealed this order to the full Commission.   By order dated May 9, 2002, the Commission found Robinsons bilateral carpal tunnel syndrome to be compensable and remanded the matter to the Single Commissioner for a hearing on benefits.  The City did not appeal this decision.  
Following the hearing commissioners award, the City placed Robinson under surveillance.  The City believed it had proof that Robinson had no impairment due to his injuries, or that he had improved to the point that he was able to do heavy physical labor. Based on the surveillance evidence the City filed a Petition/Motion to Amend, Set Aside or Vacate, or Alternatively, Motion to Review Awards on Change of Condition Pursuant to S.C. Code Ann. §42-17-90.
On December 23, 2002, the Single Commissioner issued a transmittal order denying the Citys Petition/Motion because a Motion for Change of Condition only per Section 42-17-90 . The City filed a form 30 seeking review of the denial.  On February 12, 2003 the Single Commissioner issued an order denying the Citys Petition/Motion for the following reasons: first, the Commission will not address a motion involving the merits of a claim; and second, the party claiming a change in condition must attach to its hearing request form medical report(s) indicating there has been a change in condition.
The City appealed this denial to the Appellate Panel.  On October 17, 2003, the Appellate Panel affirmed the decision of the Single Commissioner and adopted the Single Commissioners order.  The City appealed this decision to the circuit court.  On September 23, 2004 the circuit court affirmed the decision of the Appellate Panel.  This appeal followed.    
STANDARD OF REVIEW
The Administrative Procedures Act establishes the standard of review for decisions by the Workers Compensation Commission.  S.C.Code Ann.   §1-23-380 (2005); Lark v. Bi-Lo, Inc., 276 S.C. 130, 132, 276 S.E.2d 304, 305 (1981).  The scope of judicial review of agency decisions is governed by S.C. Code Ann. § 1-23-380(A)(6) (2005).  Brown v. South Carolina Dept. of Health and Envtl. Control  348 S.C. 507, 515, 560 S.E.2d 410, 414 (2002).  The appellate courts review is limited to deciding whether the commissions decision is unsupported by substantial evidence or is controlled by some error of law.  Hendricks v. Pickens County, 335 S.C. 405, 411, 517 S.E.2d 698, 701 (Ct. App. 1999).  If the parties in a workers compensation action fail to timely appeal the order of the full commission, its order is conclusive and binding as to all questions of fact.  Gattis v. Murrells Inlet VFW # 10420 353 S.C. 100, 576 S.E.2d 191 (Ct. App. 2003).
LAW/ANALYSIS
The City claims the denial of its Petition/Motion was a denial of due process, an abuse of discretion, and an error of law.  We do not agree.
The Citys argument was basically that it was entitled to relief for one of two reasons: 1) the award should be set aside because Robinson had no impairment and had committed fraud; or 2) Robinsons condition had changed to the point that he was no longer impaired.  Neither of these reasons entitled the City to the relief it sought.  Section 42-3-30 of the South Carolina Code (1976) authorizes the commission to create regulations related to workers compensation laws of this State.  It provides that the commission shall promulgate all regulations relating to the administration of the workers compensation laws of this State . . . .  S.C. Code Ann. § 42-3-30 (1976).   
Regulation 67-215B provides: the Commission will not address a motion involving the merits of the claim.  The Citys claim of fraud is an attack on the merits of Robinsons claim.  A motion is not the proper method to raise such an issue.  The City should have placed this issue before the Commission during the hearing on the merits when Robinsons claim was being resolved.          
The Citys claimed change of condition must also fail. Regulation 67-602C states the party claiming a change of condition must attach to the hearing request form a medical report indicating a change in the claimant's condition.  The only evidence that the City had to offer was the surveillance evidence.  The circuit court found that the City failed to attach a medical report indicating that there was a change in condition.
For the reasons stated above we find no error in the circuit courts order affirming the Commission. The circuit courts order is therefore
 AFFIRMED.
ANDERSON, KITTREDGE, and SHORT, JJ., concur.        

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.