THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Gary Lee Willard, Claimant, Appellant,
 
 
 

v.

 
 
 
 ASCO Valve Manufacturing, Employer, and Emerson Electric Company, Carrier, Respondents.
 
 
 

Appeal From Aiken County 
Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2006-UP-384
Submitted November 1, 2006  Filed November 27, 2006    

REVERSED AND REMANDED

 
 
 
 Stephen B. Samuels, McWhirter Bellinger, of Columbia, for Appellant.
 Clarke W. McCants, III, Nance & McCants, of Aiken, for Respondents.
 
 
 

PER CURIAM:  In this workers compensation case, the circuit court reversed the Workers Compensation Commissions award of benefits to the claimant, concluding that Commissions findings were not supported by substantial evidence.  We reverse and remand to the circuit court to reinstate the Commissions judgment.[1]  
I.
On December 7, 2000, Gary Lee Willard (claimant) injured his neck and left shoulder during the scope and course of his employment with ASCO Valve Manufacturing (the employer).  The employer and the insurance carrier (Emerson Electric Company) accepted the claim and provided benefits.  Claimant initially received treatment for his injury from his family doctor, Dr. James Bland.  Claimant continued to work for employer in a light duty status until March 2001, at which point he returned to full duty status.  
In a report dated February 4, 2002, Dr. James L. Becton, an orthopedic surgeon, opined that Claimant had reached maximum medical improvement and sustained a zero percent permanent physical impairment.    Dr. Bectons assessment was consistent with an earlier (June 19, 2001) report by Dr. Ildemaro Volcan.  On February 5, 2002, claimant received notice that it is the opinion of the insurer and employer that you have reached maximum medical improvement and . . . your workers compensation claim is being closed.  
In May of 2002, the ASCO plant underwent a layoff.  The layoff was announced company wide on May 7, 2002.  In a memorandum dated May 10, Claimant was informed that his specific position would be eliminated on May 28th.  Claimant was given the choice of (1) working a lower-paying job within the company or (2) accepting the layoff.  On May 14, claimant selected the second option, but also wrote on the form: BY SIGNING THIS, I AM NOT AGREEING TO A VOLUNTARY LAYOFF.  I AM ONLY AGREEING TO THE CHOICE OF PAY. 
Claimant last worked for employer on May 15, 2002; however, his departure was not under the terms of the layoff.  Claimant sought additional treatment from Dr. Bland on May 7, 2002.  On May 20, 2002, Dr. Bland wrote claimant out of work as of May 17, 2002 with a projected return to work on May 28, 2002 or longer depending on a neurosurgical evaluation.  Dr. Blands report noted claimants assertion of pain in neck and left arm.  Dr. Bland declined, however, to opine on whether claimants injury was work related, deferring that determination to a neurosurgical evaluation.  In this regard, Dr. Bland referred claimant to Dr. Richard Mendel, a neurosurgeon.  It is undisputed that claimant was not forthright with Dr. Bland about his work history.  
Dr. Mendel evaluated claimant on May 8, 2002 and August 29, 2002.  In a report dated August 29, 2002, Dr. Mendel noted Claimants MRI in fact demonstrates a fragmented disc at the C6-7 level on the left.  Beyond claimants objective injury, it is clear from Dr. Mendels report that claimant lied to Dr. Mendel about his work historytelling Dr. Mendel he had not been able to work for two years.  
On November 27, 2002, claimant was seen by Dr. Donald R. Johnson, a neurosurgeon.  Dr. Johnsons review of claimants May 29, 2002 MRI reflected a high quality study and shows a clear left sided herniation at C6-C7.  It was Dr. Johnsons opinion that claimant had not reached maximum medical improvement.  Dr. Johnson recommended surgery, and stated claimant should return to work only after surgery.  As with the other doctors, claimant was not completely forthright with Dr. Johnson concerning his work history. 
II.
In July 2002, claimant filed a Form 50 seeking additional medical treatment (for his neck, back, arm and hand) and temporary total disability benefits.  The employer filed a Form 51, denying the claim on the grounds Claimant had reached maximum medical improvement.  
Following a hearing, the single commissioner found claimant had sustained a 20% permanent partial disability to [his] neck and awarded compensation accordingly.  The single commissioner further found claimant had reached maximum medical improvement on February 4, 2002, and was not entitled to further medical treatment nor temporary compensation.  In so ruling, the single commissioner credited the evidence submitted by the employer.  
The single commissioners decision was appealed to an appellate panel of the Commission (the Commission).  The Commission found claimant had not reached maximum medical improvement and was entitled to further medical treatment as well as temporary total benefits from November 27, 2002.  The Commission referenced the testimony of Dr. Johnson in finding claimant had not reached maximum medical improvement and awarding temporary total disability compensation.[2]  
The parties appealed to the circuit court, with the employer challenging the Commissions findings regarding maximum medical improvement and entitlement to benefits and claimant challenging the November 27, 2002 start date.  The circuit courts view of the evidence mirrored that of the single commissioner, as the circuit court conclude[d] that the evidence in this matter fully supports [the single commissioners] findings and modified the Commissions order in accordance with such ruling [of the single commissioner].  Claimant appeals.
III.
The Administrative Procedures Act establishes the standard of review for decisions by the South Carolina Workers Compensation Commission.  Lark v. Bi-Lo, Inc., 276 S.C. 130, 134-35, 276 S.E.2d 304, 306 (1981).  In workers compensation cases, the Full Commission is the ultimate fact finder.  Shealy v. Aiken County, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000).  Neither the circuit court nor this court may substitute its judgment for that of the Commission as to the weight of the evidence on questions of fact.  S.C. Code Ann. § 1-23-380(A)(6).[3] As relevant to this case, the appellate court may reverse or modify the Commissions decision only if the claimants substantial rights have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record.  Id.  Substantial evidence is not a mere scintilla of evidence nor evidence viewed from one side, but such evidence, when the whole record is considered, as would allow reasonable minds to reach the conclusion the Full Commission reached.  Shealy, 341 S.C. at 455, 535 S.E.2d at 442.
IV.
Claimant first asserts that the circuit court erred by making its own findings of fact regarding claimants right to receive temporary total disability (TTD) compensation.  We agree.
The resolution of this appeal is controlled by the deferential substantial evidence scope of review.  The circuit court, sitting in its appellate capacity, engaged in impermissible fact-finding.  Because there is evidence to support the conclusion reached by the Commission, we are constrained (as was the circuit court) to sustain the findings of the Commission.  That the evidence may reasonably be viewed to preponderate toward the view advocated by the circuit court provides no basis or license to circumvent the substantial evidence scope of review.  Moreover, when the evidence is in conflict, as here, the substantial evidence test forecloses the re-weighing of evidence.
The circuit court held that a valid medical opinion exists only when supported by a reliable and accurate history.  Absent such a history the opinion is, at best, questionable and of limited value.  Determining whether a medical opinionor any evidenceis valid or of value strikes at the heart of the Commissions mandated fact-finding role.  Moreover, it appears the circuit courts take on the evidence is premised on the belief that claimants entitlement to relief hinged solely on his credibility, especially as to his subjective complaints.  Such a view ignores the objective basisnamely, the results of claimants MRIof the opinions of Drs. Mendel and Johnson.   When the record as a whole is examined in light of the proper standard of review on appeal, the findings of the Commission (that claimant has not reached maximum medical improvement and is entitled to temporary total disability) are supported by substantial evidence.  We thus reverse the circuit court.
V.
Claimant next appeals the November 27, 2002 start date for TTD as determined by the Commission.  
While we appreciate the basis of claimants argument for the May 17, 2002 start date, we cannot say the Commissions selection of November 27 falls below the substantial evidence test.  In this regard, the Commission could have reasonably elected not to credit claimants testimony as to the unusual circumstances surrounding his departure from work in May.  While Dr. Bland opined claimant was unable to work as of May 17 based on claimants subjective complaints, it was only Dr. Johnson who offered a definitive opinion concerning claimants inability to work based on objective findingsnoting on November 27, 2002, after review of the MRI, that [t]he patient has certainly not reached maximum medical improvement and I feel should not be returned to the workplace until he has had the necessary surgery done.  Although the circuit court was critical of the Commissions reliance on the singular evidence of Dr. Johnson, reasonable minds could certainly reject claimants reliance on Dr. Bland for a May 17 start date for TTD when one considers that Dr. Bland suggested a return to work date of May 28, 2002.  In addition, Dr. Bland expressly declined to offer an opinion as to whether claimants injury was work related, opting to defer to a neurosurgical evaluation.  Accordingly, we reject claimants challenge to the November 27, 2002 start date for TTD.
VI.
For the reasons stated above, the order of the circuit court is reversed and the matter is remanded to the circuit court to reinstate the judgment of the Commission.
REVERSED and REMANDED.
KITTREDGE and WILLIAMS, JJ., and CURETON, A.J., concur.  

[1]      We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  The employers carrier subsequently agreed to pay for claimants surgery.
[3] This code section was amended by Act No. 387, 2006 S.C. Acts 387; however, the applicable language at all times pertinent to the present appeal is found in section 1-23-680(A)(6) of the South Carolina Code (2005).