**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

James B. Neff, Employee, Appellant,

v.

Lear's Welding & Fabrication, Inc., Employer, and Bridgefield Casualty Insurance Company c/o Summit Holdings, Inc., Carrier, Respondents.

Appellate Case No. 2014-002611

———————————

Appeal From The Workers' Compensation Commission

———————————

Unpublished Opinion No. 2016-UP-127
Heard February 1, 2016 – Filed March 2, 2016

———————————

**AFFIRMED**

———————————

Everett H. Garner, of Holler Garner Corbett Plante Gilchrist & Hayes, of Columbia, for Appellant.

Nicolas Lee Haigler, of Sowell Gray Stepp & Laffitte, LLC, of Columbia, for Respondents.

———————————

**PER CURIAM:** James B. Neff appeals an order from the Appellate Panel of the South Carolina Workers' Compensation Commission (Commission) arguing the Commission erred in finding (1) an independent intervening cause broke the chain of causation between Neff's compensable injury and the current condition of his

left clavicle, (2) an independent intervening cause broke the chain of causation between Neff's compensable injury and his current neurological condition, and (3) Neff was no longer entitled to benefits under the Workers' Compensation Act. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the Commission erred in finding an independent intervening cause broke the chain of causation between Neff's compensable injury and the current condition of his left clavicle: *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 134, 276 S.E.2d 304, 306 (1981) (stating appeals from the Commission are governed by the Administrative Procedures Act (APA)); S.C. Code Ann. § 1-23-380(5)(e) (Supp. 2015) (stating that under the scope of review established in the APA, this court may not substitute its judgment for that of the Commission as to the weight of the evidence on questions of fact, but may reverse or modify the Commission's decision if the appellant's substantial rights have been prejudiced because the decision is affected by an error of law or is "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record"); *Whitfield v. Daniel Const. Co.*, 226 S.C. 37, 40-41, 83 S.E.2d 460, 462 (1954) (stating that when the primary injury arises out of and in the course of employment, every natural consequence that flows from a compensable injury is also compensable unless the consequence is the result of an independent intervening cause sufficient to break the chain of causation); *Carter v. Verizon Wireless*, 407 S.C. 641, 647, 757 S.E.2d 528, 531 (Ct. App. 2014) ("As a general rule, an appellate court must affirm the findings of fact made by the [Commission] if they are supported by substantial evidence."); *Hill v. Eagle Motor Lines*, 373 S.C. 422, 436, 645 S.E.2d 424, 431 (2007) ("Substantial evidence is that evidence which, in considering the record as a whole, would allow reasonable minds to reach the conclusion the Commission reached."); *id.* ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent the Commission's finding from being supported by substantial evidence."); *Sharpe v. Case Produce, Inc.*, 336 S.C. 154, 160, 519 S.E.2d 102, 105 (1999) ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the Commission.").

2. As to whether the Commission erred in finding an independent intervening cause broke the chain of causation between Neff's compensable injury and his current neurological condition: *Whitfield*, 226 S.C. at 40-41, 83 S.E.2d at 462 (stating that when the primary injury arises out of and in the course of employment, every natural consequence that flows from a compensable injury is

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

also compensable unless the consequence is the result of an independent intervening cause sufficient to break the chain of causation); *Carter*, 407 S.C. at 647, 757 S.E.2d at 531 ("As a general rule, an appellate court must affirm the findings of fact made by the [Commission] if they are supported by substantial evidence."); *Hill*, 373 S.C. at 436, 645 S.E.2d at 431 ("Substantial evidence is that evidence which, in considering the record as a whole, would allow reasonable minds to reach the conclusion the Commission reached."); *id.* ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent the Commission's finding from being supported by substantial evidence."); *Sharpe*, 336 S.C. at 160, 519 S.E.2d at 105 ("The final determination of witness credibility and the weight to be accorded evidence is reserved to the Commission.").

3.  As to whether the Commission erred in finding Neff was no longer entitled to benefits under the Workers' Compensation Act:  *Carter*, 407 S.C. at 647, 757 S.E.2d at 531 ("As a general rule, an appellate court must affirm the findings of fact made by the [Commission] if they are supported by substantial evidence."); *Hill*, 373 S.C. at 436, 645 S.E.2d at 431 ("Substantial evidence is that evidence which, in considering the record as a whole, would allow reasonable minds to reach the conclusion the Commission's reached."); *id.* ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent the Commission's finding from being supported by substantial evidence.").

**AFFIRMED.**

**FEW, C.J., and SHORT and THOMAS, JJ., concur.**